TRESPASS.

Case 11.

## Blassingame *vs* Glaves.

ERROR TO THE PENDLETON CIRCUIT.

*Trespass.    Joinder of parties.    Jurisdiction.*

Sept. 25.

JUDGE MARSHALL delivered the opinion of the Court.

The case stated.

GLAVES having obtained a judgment before a Justice of the Peace, under the statute of 1840, (3 *Stat. Law,* 378,) against Blassingame and two others, for $16, on a warrant, for cutting and disfiguring his mare's tail; Blassingame alone appealed to the Circuit Court; and the declaration filed in that Court under the requisitions of the statute, being against Blassingame alone, without any notice of the other defendants, a verdict and judgment were rendered against him for $16, the reversal of which he seeks in this Court.

Right of injured party to redress, not merged in the public remedy.

It was contended in the Circuit Court and in this Court, that upon the face of the warrant, which describes the injury as having been maliciously done, the offence was a public one, and the Justice had no jurisdiction. But if the premises of this argument be conceded, the conclusion does not follow. The private remedy for a trespass is not merged in the public remedy; and the trespass here complained of is not the less a private injury because it was maliciously done.

One of three defendants appeals from a Justice, plaintiff files a declaration against him alone, demurrer by such defendant will not be sustained for omission to sue the other defendants. nor for difference in discription of in-

It was further contended that the declaration is bad and should have been so adjudged on the demurrer, because it describes a different cause of action from that set forth in the warrant, and because it charges one only of the three defendants against whom the warrant was issued and the judgment rendered. But although the plaintiff is restricted to the same cause of action in the Circuit Court, which he had alledged in the warrant, it cannot be presumed that the statute intended to restrict him to the use of the same terms in describing it. If so, it

would hardly have been required that he should file a declaration, one object of which probably was, that he might set forth more fully and formally than in the warrant, the circumstances which constitute the injury and cause of complaint. The omission, therefore, of the word "*maliciously,*" in the declaration, and the introduction of the words "*vi et armis,*" and other words showing the manner in which the injury was committed, and the attendant circumstances, constitute no variance between the warrant and declaration. Nor does the omission of two of the three persons charged in the warrant, constitute, in legal contemplation, any variance in the description of the injury or affect the identity of the cause of action. So far as the pleadings are concerned, it is immaterial, in an action against one, whether the injury were committed by *one* or by three persons, and in such action it may be described in either form.

*Blassingame vs Glaves.*

*jury in the warrant and in the declaration.*

If then the declaration should be regarded as having been brought into comparison with the warrant by the demurrer, it should not have been adjudged bad on either of these grounds of alledged variance, nor upon the ground that the plaintiff, after issuing a warrant against three had declared against one of them alone. In actions for torts and in form *ex delicto*, the plaintiff is not bound to carry on his action against all the parties against whom he commenced it. And although the formal mode of disposing of the action as against parties served with process but not intended to be proceeded against, is to enter a *nolle prosequi* as to them. We apprehend that the defendant, against whom the action proceeds, cannot take advantage by demurrer, of the omission to take this formal step; and especially in a case coming into the Circuit Court by appeal from the judgment of a Justice.

*Plaintiff is not bound, in actions for torts and in form ex delicto, to carry out his action against all defendants against whom it is commenced.*

These observations apply also, to the objection that two of the parties against whom the judgment was rendered, were omitted in the declaration. For although by the appeal of one the whole case is brought before the Circuit Court, it is there to be proceeded in as if it had commenced there, and the previous proceedings are material only as to the question of jurisdiction and as to the identity of the cause of action. The plaintiff, therefore, was no more

*When one of several defendants appeals from a Justice, all the parties are brought before the Court appealed to.*

bound to proceed with his suit against all the parties against whom the judgment of the Justice was rendered, than he would have been bound to proceed against all if they had been brought into Court by *capias*; and having in fact, abandoned his suit as to two of them, by declaring against the third alone, the only defect in the proceedings is in the failure, by entering a *nolle prosequi* or otherwise, to make formal disposition of the action as to the two who were not proceeded against. The party declared against might have required this to be done, if he desired or expected any advantage from it. But having failed to do so, we do not perceive that he was injured by the omission, or that he could avail himself of it either as a ground of demurrer to the declaration, or of reversal of the judgment. Certainly the judgment in the Circuit Court ought not to have been rendered against all three, but against him alone; and he cannot complain that it does not contain a formal statement that the plaintiff did not prosecute his suit as to the others.

Wherefore, the judgment is affirmed.

*Hauser* for plaintiff: *Swope* for defendant.