### IN THE

# SUPREME COURT OF JUDICATURE

### OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1859, IN THE FORTY-
FOURTH YEAR OF THE STATE.

---

### LOFTON *v.* THE STATE.

APPEAL from the *Washington* Circuit Court.

*Per Curiam.*—Indictment against the appellant for the
murder of one *John Vogles.* Trial, conviction of man-
slaughter, and judgment over a motion for a new trial.

On the calling of the cause for trial, the defendant filed
an affidavit for a continuance. The affidavit seems to
contain all the requirements of the law, and states, in sub-
stance, that he could not go to a trial at that term on ac-
count of the absence of one *Margaret Ann Brown*, who
had, at the previous term, been duly recognized to appear
as a witness at that term, but who, from sickness, was un-
able to attend; that he could prove by said *Margaret* the
following facts: "That he was going peaceably along the
public highway, without making any hostile demonstration
whatever, when the deceased, *John Vogles*, commenced a
violent assault upon him, and that the defendant told the

Nov. Term,
1859.

deceased, in a friendly manner, not to strike him, and affiant receded from the deceased, and did not strike nor offer to strike him until after the deceased seized the affiant and commenced beating and kicking him with considerable violence; that as soon as affiant could release himself, he desisted from defending himself and retreated; that it was during the time that he was so beaten, seized, and kicked as aforesaid by the deceased, that affiant struck the blow which is charged to have caused the death of the deceased, *John Vogles*." The affidavit states that the facts thus set out are true, and that he cannot prove them by any other witness whose testimony can be as readily procured, and that the affidavit was not made for delay merely, &c. The affidavit of the husband of the witness was also filed, showing her inability to attend on account of sickness.

We are of opinion that the facts thus set up were material to the defense of the accused, and, therefore, that the continuance should have been granted.

The judgment is reversed, and the cause remanded.

*C. L. Dunham*, *W. T. Otto*, and *H. Heffren*, for the appellant.