Nov. Term, 1861.

LOFTON
v.
VOGLES.

*John P. Usher*, for the appellant.

*J. E. McDona'd* and *A. L. Roache*, for the appellee.

---

LOFTON *v.* VOGLES, Administrator of VOGLES.

The personal representatives of a person whose death was caused by the wrongful act of another, can maintain an action therefor only where the deceased might, had he lived, have maintained an action for an injury, the

result of the same act or omission; and this he could not have done, if his own misconduct contributed directly to the tortious act or omission from which the injury resulted.

The rule of the common law, that it must appear that the person committing the tortious act has been prosecuted criminally to conviction, before a civil suit can be maintained for the injury, does not prevail in the United States.

*Wednesday,
November 27.*

APPEAL from the *Washington* Circuit Court.

PERKINS, J. — *Simeon Lofton* killed *John Vogles.* The administrator of *Vogles* now sues *Lofton*, in a civil action, to recover damages for the loss of *Vogles'* life.

The suit is brought upon § 784, p. 205, 2 R. S., which provides that "when the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter, for an injury for the same act or omission."

The former, had he lived, could not have maintained an action, in the case at bar, against the latter for the tortious act or omission complained of, if his own misconduct contributed directly to that tortious act or omission. 1 Hilliard on Torts, p. 132; *The Pittsburgh, &c. Railroad Co.* v. *Karns*, 13 Ind. 87.

Did, then, *Vogles* commit any wrongful act which caused the tort whereby he came to his death? The witness on the part of the plaintiff thus states the transaction:

"I saw *Lofton* coming out to the pike from the direction of *Vogles'* store door, walking rapidly, and turning westward up the pike, as if going home. I saw *Vog'es* come out of his store after *Lofton*, walking rapidly, and come round in front so as to face him. He was talking loud and angrily. He repeatedly called *Lofton* a damned liar, and on *Lofon's* replying that he lied, *Vogles* 'grabbed at *Lofon's* throat,' with one hand, and struck him with the other. *Lofton* then drew a small, old, broken pocket knife and stuck *Vog'es.* *Vogles* then gathered brick-bats and stones, which he threw at *Lofon.* *Vog'es* died of the wounds he received in the fight, from *Lofton's* knife. *Lofon* expressed great sorrow at the occurrence, and the act he had committed, and said it was

only because he was 'jumped on to' so violently that it was the only alternative left to save himself." *Vogles* was a much younger man than *Lofton*, about the same size, but much the more active and athletic. He was a quick, active man, about thirty years of age. See 14 Ind. 1. If this evidence, and it represents the case, does not show that the wrongful act of *Vogles* contributed to produce the act which caused his death, it is difficult to conceive of any that would. The evidence does not show that *Lofton* had given *Vogles* any cause to pursue him on leaving the store, but the contrary. *Lofton* had called at the store to collect money that *Vogles* owed him. *Vogles* insulted *Lofton*; the latter complained, made an angry remark, and left the store. *Vogles* jumped over the counter and pursued him. Then occurred the street rencounter, terminating in *Vogles'* death, as above detailed.

Another position taken is, that this civil suit can not be maintained by the plaintiff without his first showing that he has criminally prosecuted the defendant to conviction; that such criminal prosecution is a condition precedent to a civil suit. This rule of the common law does not prevail in the *United States*. We do not here depend upon the injured party, or his representative, to institute criminal prosecutions. We have no *market overt* sales, by which stolen property is protected in the hands of a purchaser till the thief is convicted. We have no forfeiture of estate for felony, whereby the criminal is deprived of the means of satisfying a judgment in a civil action, should one be obtained. See 4 Black. Comm., p 6; *Boston, &c. Railroad Co.* v. *Dana*, 1 Gray, 83, and cases cited; *Hoffman* v. *Curow*, 22 Wend. 285; *Ballew* v. *Alexander*, 6 Humph. (Tenn.) 433; 1 Hilliard on Torts, p. 71, *et seq.*

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings, in accordance with this opinion, with leave to either party to amend.

*C. L. Dunham* and *Horace Heffren*, for the appellant.

*R. Crawford, J. H. Stotzenburg* and *T. M. Brown*, for the appellee.