MARGARET NOWLAN *vs.* JOHN GRIFFIN.

Cumberland.    Decided June 4, 1878.

*Action.*

By the law of this state, the civil remedy of a person injured by a felonious assault and battery is not suspended till the offender has been prosecuted criminally.

ON EXCEPTIONS from the superior court.

TRESPASS, wherein the plaintiff, in writ dated October 10, 1875, alleged that the defendant, on May 16, 1875, assaulted her, threw her down violently, and by force and against her will had carnal intercourse with her, and testified at the trial to all the facts constituting the crime of rape ; and there was no other evidence. The presiding justice, on the defendant's motion, ordered a nonsuit ; and the plaintiff alleged exceptions.

*M. P. Frank*, with *W. Purves*, for the plaintiff.

*F. N. Dow*, with whom was *J. D. Fessenden*, for the defendant.

WALTON, J.    The only question is whether it is the law of this state that the civil remedy of a person injured by a felonious assault and battery is suspended till the offender has been prosecuted criminally.    Clearly not.

In *Boody* v. *Keating*, 4 Maine, 164, and again in *Crowell* v. *Merrick*, 19 Maine, 392, the court say that the rule that a civil action in behalf of the party injured is suspended until a criminal prosecution has been commenced and disposed of, " is limited to larcenies and robberies."

The same opinion had before been expressed in *Boardman* v. *Gore*, 15 Mass. 331, 336.

In *Boston & Worcester R. R. Co.* v. *Dana*, 1 Gray, 83, where the defendant had made himself comparatively rich by stealing from the railroad company, the question was fully examined, and the court held that, while it is undoubtedly the law in England that the civil remedy of the party injured by a felony is sus-

pended till after the termination of a criminal prosecution against the offender, such had never been the law here.

And such is the prevailing opinion in this country. *B. & W. R. R. Co.* v. *Dana,* 1 Gray, 83. *Pettingill* v. *Rideout,* 6 N. H. 454. *Piscat. Bank* v. *Turnley,* 1 Miles, 312. *Foster* v. *Commonwealth,* 8 W. & S. 77. *Cross* v. *Guthery,* 2 Root, 90. *Patton* v. *Freeman,* Coxe, 113. *Hepburn's case,* 3 Bland, 114. *Allison* v. *Farmers' Bank,* 6 Rand. 223. *White* v. *Fort,* 3 Hawks, 251. *Robinson* v. *Culph,* 1 Const. 231. *Story* v. *Hammond,* 4 Ohio, 376. *Ballew* v. *Alexander,* 6 B. Mon. 38. *Lofton* v. *Vogles,* 17 Ind. 105. *Boardman* v. *Gore,* 15 Mass. 331, 338. *Hawk* v. *Minnick,* 19 Ohio St. 462. *Same case,* 2 American R. 413.

Our bill of rights declares that "every person, for an injury done him in his person, reputation, property, or immunities, shall have remedy by due course of law; and that right and justice shall be administered freely and without sale, completely and without denial, promptly and without delay." Art. 1, § 19. To require an injured party to await the action of the grand jury and the county attorney, (persons over whom he has no control) before allowing him to prosecute a civil suit, would certainly conflict with the spirit, if not the very letter, of this provision. The rule has never been acted upon in this state except in cases of larceny; and the legislature abrogated its application to such cases more than thirty years ago. Act 1844, c. 102. R. S., c. 120, § 12. We think the plaintiff may maintain her action, if the proof is in other respects sufficient, notwithstanding her injury may have been the result of a felonious assault and battery, for which the offender has not yet been prosecuted criminally.

*Exceptions sustained.*
*New trial granted.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.