THE EVANSVILLE AND CRAWFORDSVILLE RAILROAD COMPANY *v.* HIATT.

On *August* 29, 1856, a locomotive and train of gravel cars were standing, temporarily, on the railroad track, at a station on the line of said road; and about the time the train started to back down the road, two persons, a father and son, started to come up toward the station on the railroad track, from a mill, a short distance below. As the train approached them, the son stepped off the track, but perceiving that his father was still on the track, and in the way of the advancing train, the son stepped back, and took him off the track, but was not able, himself, to avoid the train, but received an injury, resulting in the loss of his leg. The train was not moving faster than four miles per hour, and the persons managing the train, when they perceived that both persons did not leave the track, reversed the engine, and made every effort to stop the train.

*Held*, that the injury complained of did not result from any want of care, on the part of the company, or her employees, and hence, the company was not liable for damages.

*Held*, also, that when a plaintiff is in fault, but the defendant is aware of it in time to avoid injuring him, by reasonable diligence, the failure to use such diligence is held to be, alone, the proximate and immediate cause of the injury.

*Held*, also, that in this class of cases, the complaint must show, by averment, that the plaintiff was not in fault, but that the wrongful act of the defendant, alone, was the proximate cause of the injury. ·

*Wednesday,
November* 27.

APPEAL from the *Sullivan* Circuit Court.

PERKINS, J.—*Hiatt* sued *The Evansville and Crawfordsville Railroad Company*, to recover damages occasioned by an injury he received from the cars on said road, and recovered a judgment for $1,200. The company has appealed to this Court. The complaint, in the case, does not aver that the

Nov. Term.
1861.

The Evans-
ville, &c.
Railroad Co.
v.
Hiatt.

plaintiff was not in fault, but it alleges that he, for the purpose of rescuing his father, jumped upon the railroad track, with full knowledge of the nearness and speed of the train, his father, old and infirm, having also entered upon, and started up the track, immediately in front of the approaching train. This is plain, from the averment that he was met by the train, almost immediately after he entered upon the track.

As there is no conflict in the evidence, touching the material facts, we shall set them out, and express an opinion upon them. On *August* 29, 1856, in the forenoon, a locomotive and train of hopper-shaped gravel cars were standing on the track of *The Evansville and Crawfordsville Railroad*, at the depot and water station of *Sullivan*, in *Sullivan* county, *Indiana*, where it had stopped, temporarily, while on its way backing down the road. The train consisted of thirty cars, and was four hundred and twenty feet long. It had passed up, and deposited its load of gravel, that morning, and was on its return to the gravel pit.

About four hundred yards down the road, from the train above mentioned, stood Mr. *Riley's* mill. Mr. *Riley* wanted a car that stood upon a switch at the depot, close to the gravel train, and he concluded to take that time to go up and get it. He wanted to load the car, with freight from his mill. A Mr. *Gray*, and two men, father and son, by the name of *Hiatt*, were standing about *Riley's* mill, and he asked them to go up and help him push down the car, and they consented to go. There was a road, other than the railroad, from the mill to the depot, and also a side path, but the four men concluded to go up the railroad track. The gravel train was just starting down the track toward them, as they started up. The whistle was blown, the train was in full view, and they saw it in motion, as they started. The men had three bridges, not planked, but to be walked over on the timbers, to cross, one of them thirty-five feet long. As the men and the cars approached each other, *Gray*, *Riley* and *Hiatt*, the son, as soon as they got across the bridge mentioned, stepped off the track, but *Hiatt*, the father, did not, but stopped on the bridge. The son, seeing this, hastened back on to the bridge, seized his father, and

Nov. Term,
1861.

THE EVANS-
VILLE, &c.
RAILROAD CO.
v.
HIATT.

took him off, but failed to clear the track himself, entirely, and the train struck him, and fractured one of his legs so badly that it had to be amputated.

The train had not got, and had not had time to get, under rapid headway, but was moving at, perhaps, about four miles an hour. The hands in charge of the train knew nothing as or who the men upon the track were, their condition, or what was their business. When they discovered, (a thing rather difficult to do, as a long train was between them and the men,) that all did not go off the track, as a part did, they reversed the engine, applied the brakes, and made all reasonable effort to stop the train. They were guilty of no manner of negligence whatever.

The question, then, arises, why was *Hiatt* injured by the railroad train? How came he to be injured? The railroad train was in its proper place, in pursuit of its lawful business, was not practicing aggression upon any one, and was running with proper speed and caution. Why was *Hiatt* injured? Because his father was carelessly remaining upon the railroad track, in front of an approaching train, which it was his duty to avoid, and which those in the management of the train had a right to presume he would avoid, but which he carelessly failed to do; and because, further, the son, the injured person, was prompted by his generosity and filial affection, to involve himself in the hazard of his father's carelessness. If it be said that the father was old and feeble, and unable to get out of the way of the train, then we say the carelessness, the rashness, of going upon the track in front of an approaching train was still greater, and involves those who were with the old man, to some extent, in the carelessness, in not preventing him from going upon the track, or, at all events, keeping close to him, with watchfulness, while he was on it. It is time that the public should begin to be aware that a railroad track is not a highway for general travel. As the injured party, then, was in fault, in continuing so long upon the track, if not, indeed, in going upon it at all; under the circumstances, and the railroad operatives, after they discovered the condition of the persons, were guilty of no neglect in trying to avoid the collision,

the plaintiff can not recover. *Wright* v. *Brown*, 4 Ind. 95; Wright v. *Goff*, 6 *id.* 416; *The Pittsburg, &c. Railroad Co.* v. *Karns*, 13 *id.* 87; *The Indiana, &c. Railroad Co.* v. *Hudelson*, *id.* 355; *The Evansville, &c. Railroad Co.* v. *Lowdermilk*, 15 *id.* 120. It seems that where a plaintiff is in fault, but the defendants are aware of it in time to avoid injuring him by reasonable diligence, their want of diligence is held to be, alone, the proximate, the immediate cause of the injury.

Nov. Term, 1861.

The sufficiency of the complaint in this case has been discussed. In this class of suits, the plaintiff must, as a general proposition, prove that the proximate, the immediate, cause of the injury sued for, was the wrongful act of the defendant, to which injury his own wrongful act did not immediately contribute; at least, the facts must develop this. Hence, the question of negligence, on the part of the plaintiff, arises under the general denial. It is embraced in the issue made by such denial. 1 Hilliard on Torts, p. 133. Hence, the further rule as to the complaint, that it must show by averments that the plaintiff was not in fault. The complaint in this case, as will appear from what we have said upon the facts, does not sufficiently excuse the plaintiff. *The President, &c.* v. *Dusouchett*, 2 Ind. 586; *The Wayne, &c. Turnpike Co.* v. *Berry*, 5 *id.* 286. Our statute makes railroad companies liable for killing stock, but not men, without regard to negligence, where the road is not fenced.

*Per Curiam.*—The judgment is reversed, with costs, for want of a sufficient complaint. Cause remanded for further proceedings, with leave to amend, &c.

*John P. Usher*, for the appellant.

*J. E. McDona'd* and *A. L. Roache*, for the appellee.