THE INDIANAPOLIS, PITTSBURG, AND CLEVELAND RAILROAD COMPANY *v.* KEELY's Administrator.

NEGLIGENCE—COMPLAINT.—In a suit against a railroad company for causing the death of the intestate by carelessly and negligently running over him with a locomotive, the general averment that "the defendant, by her agents and servants, did carelessly and negligently run over," etc., is sufficient, without stating the particular acts constituting such negligence.

SAME.—The complaint in such case must show by averment that the deceased did not, by his own fault or negligence, contribute to his death; and the averment that "he was at the time lawfully on the track of said railroad," etc., is not sufficient.

DEATH CAUSED BY WRONGFUL ACT OF ANOTHER—COMPLAINT.—The right to sue in such cases, under sec. 784, 2 G. & H. 330, is given to the personal representative of the deceased; but the action is prosecuted for the benefit of the widow and children, or next of kin, and the names of these persons, and their relationship to the deceased, should be stated in the complaint.

APPEAL from the *Marion* Common Pleas.

ELLIOTT, J.—*John Keeley*, as administrator of *William H. Keeley*, deceased, sued the appellant for the alleged carelessness and negligence of her servants and employees in running a locomotive on her railroad track in the limits of the city of *Indianapolis*, thereby running against and

over the said *William H. Keeley*, and causing his death. The complaint is in two paragraphs; separate demurrers filed to each; overruled and excepted to.

Issue, trial, verdict, and judgment for the plaintiff.

The first question presented arises upon the action of the court below in overruling the demurrers to the complaint.

The same objections are urged to each of the paragraphs, and we will consider them as applicable to both.

1. It is insisted that the complaint does not sufficiently aver that the death of *Keeley* was caused by the negligence and carelessness of the employees of the railroad company; that the general averment that the defendant, by her agents and servants, did *carelessly* and *negligently* run over, etc., is not sufficient; but the particular acts constituting such negligence should be stated.   This court has held such an averment sufficient.   See *Indianapolis, Pittsburg, and Cleveland Railroad Company* v. *Taffe*, 11 Ind. 458.   Another objection urged to the complaint is, that it does not aver or show that *Keeley*, the deceased, did not, by his own fault or negligence, contribute to his death.   This objection is well taken to both paragraphs.   The only averment on the subject in either paragraph is, that " the said *William H. Keeley*, deceased, was lawfully upon the track of said railroad, at a point within the city of *Indianapolis*," etc.   This averment can not be construed into an allegation that he was not in fault.   The defendant's locomotive, and the engineer in charge of it, were doubtless lawfully on the track of the railroad; but the complaint is, that so being there, by the carelessness and negligence of those in charge of the locomotive, it was run against and over *Keeley*, thereby causing his death.   So *Keeley* may have been lawfully on the track, but did he, while there, use the proper care and precaution to avoid injury, or did he, by his own negligence and misconduct, contribute to the fatal result?

In the case of *The President and Trustees of the Town of Mount Vernon* v. *Dusouchett and Another*, which was an action brought for an alleged injury to the plaintiff's boat,

by wrongfully permitting a steam-boiler to remain in a street above low-water mark, and below high-water mark, this court said: "The declaration in a suit for such damage must show that there was no fault on the plaintiff's part." 2 Ind. 586.

In the case of *The Evansville and Crawfordsville Railroad Company* v. *Hiatt*, 17 Ind. 102, it is said: "In this class of suits the plaintiff must, as a general proposition, prove that the proximate, the immediate cause of the injury sued for was the wrongful act of the defendant, to which injury his own wrongful act did not immediately contribute; at least the facts must develop this. Hence, the question of negligence on the part of the plaintiff arises under the general denial. 1 Hilliard on Torts, 133. Hence, the further rule as to the complaint, that it must show by averments that the plaintiff was not in fault."

Again, it is urged that the complaint is defective in not showing that there is a widow, child or children, or next of kin of the said *Keeley* left surviving him, to whom the damages would inure, and that the names of such should be given, and their relation to the deceased stated. At common law the right of action for injuries to the person did not survive to the representative of the injured party, but died with the person.

The right to sue, in this case, is founded on sec. 784 of the statute, 2 G. & H. 330, which provides that, "when the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained action, had he lived, against the latter, for an injury for the same act or omission. The action must be commenced within two years. The damages can not exceed $5,000, and must inure to the exclusive benefit of the widow and children, or next of kin, to be distributed in the same manner as personal property of the deceased."

As the right to sue is purely a statutory one, and in

derogation of the common law, the statute must be strictly construed, and the case brought clearly within its provisions, to enable the plaintiff to recover. The right to sue is given to the personal representative of the deceased, and the action is prosecuted in his name; but the damages "must inure to the exclusive benefit of the widow and children, or next of kin, and therefore the action is, in effect, prosecuted for their benefit. If there were no wife, children, or next of kin surviving the deceased, capable of taking under the statute, the action would not lie. It is therefore clear that the complaint must at least aver that there are such persons to whom, under the statute, the damages inure. It is an issuable fact that may be controverted, and must be alleged in the complaint; and, if denied, must be proved to sustain the action. In the first paragraph of the complaint in the case at bar this statement occurs: "Whereby he, the said *William H. Keeley*, deceased, suffered great pain and agony as aforesaid, and his wife and child, an infant of less than a year old, have lost their natural guardian, protector, and provider." This is not a direct averment that the deceased left surviving him a widow and child. It is, at most, only an inferential statement of that fact.

The second paragraph contains no statement on the subject, inferential or otherwise. If the statement in the first paragraph of the complaint is deemed a sufficient averment, still the question recurs, is it necessary to aver their names? In *New York*, under a statute conferring the same right of action on the personal representative of the deceased person, and "the sum recovered to be for the exclusive benefit of the widow and next of kin," it has been held that the complaint should show that "there are persons entitled by law to claim the indemnity," and that their names should be stated. *Safford* v. *Drew*, 3 Duer N. Y. Rep. 627.

The *New York* statute may furnish one reason why the persons entitled to the damages recovered should be

named in the complaint, that does not exist under our statute, in this: the statute of *New York* provides that "the jury may give such damages as they shall deem a fair and just compensation, not exceeding $5,000, with reference to the pecuniary injuries resulting from such death *to the wife and next of kin* of the deceased person." A different rule seems to prevail under our statute. See *Long* v. *Morrison*, 14 Ind. 595. In view, however, of the whole question, we think the better rule of practice requires that the names of the persons and their relation to the deceased should be stated in the complaint: It imposes no hardship on the plaintiff, and only requires to be stated in the complaint the facts that must be proved on the trial to justify a recovery. The demurrers to the complaint should have been sustained.

Other errors are assigned, in instructions given by the court below, and in refusing to give instructions asked by appellant, which, however, need not now be further noticed. For the reasons stated, the judgment of the Common Pleas Court must be reversed.

Judgment reversed, with costs. Cause remanded, with instructions to the court below to sustain the demurrers to the complaint, and with leave to the plaintiff below to amend the complaint.

*John Davis* and *John Caven,* for appellant.
*R. L. Walpole* and *W. W. Wick,* for.appellee.