*W. Morrow*, for appellant.

*G. C. Holland* and *C. C. Binkley*, for appellees.

———•———

THE EVANSVILLE AND CRAWFORDSVILLE RAILROAD COMPANY
*v.* DEXTER.

INJURY TO THE PERSON.—PLEADING.—In an action for an injury to the person, caused by the negligence of another, it must appear from the complaint, either by express averment, or by a particular showing of the facts, that the injury complained of occurred without the fault or negligence of the plaintiff.

APPEAL from the *Vanderburgh* Common Pleas.

RAY, J.—The appellee filed his complaint in the Court of Common Pleas of *Vanderburgh* county, alleging "that

on the 12th day of *February*, 1861, and for a long time previous thereto, he was employed by, and was acting for, said defendant, (appellant,) as a brakeman on board one of the trains running on said railroad, and that on said day, while in the line of his duty as such brakeman and employee, and while attending the rear brake of the train on which he was so employed, and in consequence of the negligence, carelessness and incompetency of one *James Wyant*, who was employed at the time by said defendant as the engineer on another train, and was at the time acting as such engineer and employee, the said plaintiff received a permanent and incurable injury; that the said *Wyant*, as such engineer and employee, and by such carelessness, negligence and incompetency, permitted the train upon which he was at the time so employed upon said road, to run into the train upon which the plaintiff was employed as aforesaid, whereby," &c. The plaintiff also alleged that the defendant had notice of the incompetency, carelessness and negligence of the engineer before the date of the accident.

A demurrer was filed to the complaint, which was overruled by the court. Issues were formed, and a trial resulted in a verdict and judgment for the plaintiff.

The counsel for the appellant insist that there is no sufficient averment in the complaint, that the plaintiff did not, by his own fault or negligence, contribute to the injury received. In the case of *The Indianapolis, Pittsburgh & Cleveland Railroad Co.* v. *Keeley's Adm'r*, 23 Ind. 133, the averment was that "the said *William H. Keeley*, deceased, was lawfully upon the track of said railroad, at a point within the city of *Indianapolis*." In commenting upon this allegation, the court used this language: "This averment cannot be construed into an allegation that he was not in fault. The defendant's locomotive, and the engineer in charge of it, were, doubtless, lawfully on the track of the railroad; but the complaint is, that so being there, by the carelessness and negligence of those in

charge of the locomotive, it was run against and over *Keeley*, thereby causing his death. So *Keeley* may have been lawfully on the track, but did he, while there, use the proper care and precaution to avoid injury, or did he, by his own negligence and misconduct, contribute to the fatal result?" This reasoning and the ruling of the court are decisive of the question before us. The averment that the plaintiff, "while in the line of his duty as such brakeman or employee, and while attending the rear brake of the train on which he was so employed, and in consequence of the negligence," &c., cannot be regarded as an averment that he was without fault. It certainly does not express any other fact than is contained in the allegation following it, that he was "attending the rear brake of the train." This was in the line of his duty, but was that duty discharged in a careful manner, or did his conduct, while so engaged, contribute to the injury he sustained? The averment must be either expressly made in the complaint, that the injury occurred without the fault or negligence of the plaintiff, or it must clearly appear from the facts which are alleged, that such must have been the case. If the decisions are not entirely uniform and clear in this state, still we regard this as the rule established by the weight of authorities.

The judgment is reversed, at appellee's costs, with directions to the Court of Common Pleas to sustain the demurrer to the complaint.

*A. Iglehart, J. E. Blythe, J. E. McDonald* and *A. L. Roache,* for appellant.

*A. F. Whittlesey, M. S. Johnson, T. A. Hendricks* and *O. B. Hord,* for appellee.