## The Toledo, Wabash and Western Railway Company v. Bevin.

PLEADING.—NEGLIGENCE.—In a complaint for damages, alleged to have resulted from the negligence of the defendant, there must be an averment that the plaintiff was without fault.

APPEAL from the *Cass* Common Pleas.

GREGORY, C. J.—Suit by *Bevin* against the appellant for killing a horse.

The complaint avers that on, &c., at *Logansport*, the plaintiff was the owner of a gray horse, of the value of $250; that while unloading from the defendant's freight cars, as he lawfully might, a load of lumber, at a point on the defendant's track which was pointed out by the defendant as a safe place for so doing, and at which point he was directed by the company so to unload and take away his lumber, the defendant, by its servants, agents and employees, so carelessly, negligently, and unskillfully propelled its locomotive and cars as to run into and kill the horse, to the

plaintiff's damage, &c. A demurrer to the complaint was overruled, and this is assigned for error.

It is claimed that this complaint is good, under the statute in relation to forms of pleading in civil actions, (2 G. & H., § 1, pp. 373, 377, form 14,) and that the previous rulings of this court, holding that there must be an averment that the plaintiff was without fault, are wrong. But this position cannot be maintained. If we admit that the decisions in the cases of *The Evansville and Crawfordsville R. R. Co.* v. *Dexter*, 24 Ind. 411, and *The Indianapolis, Pittsburgh and Cleveland R. R. Co.* v. *Keeley's Adm'r*, 23 Ind. 133, and the previous decisions of this court which those cases follow, are wrong, yet we think that the complaint in the case in judgment is bad for not alleging that the injury complained of was caused by the negligence of the defendant. The fact that the defendant pointed out the place as a safe one for unloading the lumber would not justify the plaintiff in occupying it, if it was evidently unsafe, and is no excuse for the plaintiff unless he was misled by false statements upon which he relied. The allegation "that the defendant, by its servants, agents and employees, so carelessly, negligently and unskillfully propelled its locomotives and cars as to run into and kill the horse," may be true, and yet the plaintiff's own negligence in not getting out of the way may have contributed directly to the injury. The statutory form shows that the injury was caused by the carelessness of the defendant's servant. This is a material allegation, for although the defendant may have carelessly run its locomotives, yet if that was not the cause of the injury, the plaintiff cannot recover. It is not enough that the carelessness complained of contributed to the injury, provided the plaintiff was in fault. There must at least be an allegation that the carelessness complained of caused the injury. The evidence is in the record, and is of such a character that we cannot say that justice was done, notwithstanding the error of the court in overruling the demurrer to the complaint. We think that the hitching of a horse by his

halter to a car on the track of a railway which is being operated every few hours, is of itself an act of carelessness, and if such an act contributed directly to the injury complained of, the plaintiff cannot recover, unless the carelessness or negligence of the defendant was so wanton and gross as to imply a willingness to inflict the injury.

There are a number of errors assigned by the appellant, and argued by counsel, but as the trial was on a bad complaint these errors become immaterial.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to sustain the demurrer to the complaint, and for further proceedings.

*W. Z. Stuart*, for appellant.

*D. D. Pratt* and *D. P. Baldwin*, for appellee.