Newhouse *v.* Miller and Wife.

*S. Claypool, J. W. Buskirk,* and *J. Graham,* for appellant.

*B. W. Hanna,* Attorney General, and *J. C. Robinson,* for the State.

---

## NEWHOUSE *v.* MILLER and Wife.

ASSIGNMENT OF ERRORS.—*Complaint.—Demurrer.—Waiver.—Supreme Court.* The objection that the court erred in rendering judgment for plaintiffs, because the complaint does not state facts sufficient to constitute a cause of action, is not waived by a failure to demur to the complaint, and answering it, but may be assigned for error in the Supreme Court.

WITNESS.—*Competency.—Husband and Wife.*—On the trial of an action by husband and wife for injury to the wife, the husband is incompetent to be a witness.

CONTRIBUTORY NEGLIGENCE.—*Proximate Cause.*—When negligence is the issue, it must be unmixed negligence, to justify a recovery; and if both parties by their negligence immediately contributed to produce the injury, neither can recover. When plaintiff is the proximate cause of the injury he cannot recover.

SAME.—*Complaint.—Obstruction of Highway.—Verdict.*—Complaint, that plaintiffs were in a buggy drawn by a horse, driving along a highway; that defendant obstructed the highway by then and there stopping with his wagon, drawn by two horses, in the middle of said highway; that plaintiffs requested defendant to remove, in order that they might freely pass along said highway; but de-

fendant refused; and thereupon plaintiffs, in attempting to drive and pass around said obstruction, using due care and diligence without any fault or negligence on their part, by reason of said unlawful obstruction and by the said negligence and wrongful act of defendant, were overturned and cast upon the ground with great force and violence, whereby one of the plaintiffs, wife of her co-plaintiff, was injured; wherefore, &c. No demurrer to the complaint was filed in the court below, but, on assignment for error in the Supreme Court that the complaint did not state facts sufficient,

*Held*, PETTIT, J., that the complaint was insufficient on the error assigned, because it was the fault and negligence of plaintiffs in attempting to drive past defendant which occasioned the injury complained of; WORDEN, J., that the complaint would have been bad on demurrer, but was cured by verdict; DOWNEY, C. J., and BUSKIRK, J., that the complaint was sufficient.

APPEAL from the Marion Common Pleas.

PETTIT, J.—This suit was brought by appellees against the appellant, and the complaint is this:

"Jacob Miller and his wife, Mary C. Miller, complain of John Newhouse, Sr., defendant, and say, that on or about the first day of July, A. D., 1869, they, the said plaintiffs, accompanied by their two minor children, were in a buggy, drawn by a horse, driving along and upon a certain public highway, known as the Millersville gravel road, situate in Washington township, county and state aforesaid, and used for the free use and unobstructed passage of all persons on foot or with their teams, horses, wagons, and carriages; that the defendant herein, well knowing the place, use, and purpose of the aforesaid highway, wrongfully and unlawfully obstructed the same, by then and there stopping with his wagon, drawn by his two horses, in and upon the middle of the said public highway; that plaintiffs requested defendant to remove said obstruction from said public highway, in order that they might the more freely pass along and upon the same, as they had a good and lawful right to do; but that defendant utterly disregarded plaintiff's request, and neglected and refused to remove said obstruction; that the plaintiffs, in attempting to pass around said unlawful obstruction in their buggy, drawn by a horse, the plaintiffs using due care and diligence, without any fault or negligence on their part, by reason of said unlawful obstruction, and by

the carelessness, negligence, and wrongful act of the defendant, were overturned and cast upon the ground with great force and violence; and that in consequence of being cast upon the ground as aforesaid, all of which was without any fault or negligence on the part of plaintiffs, the said Mary C. Miller, wife of said Jacob Miller, and one of the plaintiffs herein, was greatly bruised, cut, and otherwise seriously and permanently injured, by then and there being thrown violently to and upon the ground; so much so that she was, and thereby has been, rendered perfectly helpless and unable to leave her bed for the period of five weeks; that she still is, in consequence of the injury aforesaid, unable to attend to her household duties; that her back and spine are greatly, seriously, and permanently injured in consequence and by reason of having been so cast and thrown upon the ground with great force and violence, as aforesaid; and that ever since, she has, and now does, suffer great bodily pain; and that it will trouble her herein and injure her all the days of her natural life; and, in consequence of said injury, she does, and must, suffer constant pain and torture. Wherefore plaintiffs say, that in consequence of the aforesaid grievances herein complained of, they are damaged in the sum of ten thousand dollars, for which sum they pray judgment and all other proper relief."

Answer of general denial; trial by jury; verdict for plaintiffs for two hundred dollars; motion for new trial overruled, and exceptions; judgment on the verdict, and appeal to this court.

Two errors are assigned; first, that the court erred in overruling the motion for a new trial; second, that the court erred in rendering judgment for the appellees, because the complaint does not state facts sufficient to constitute a cause of action against the appellant.

I will consider the second assignment of error first. This objection is not waived by a failure to demur to the complaint, and answering it. 2 G. & H. 81, sec. 54. Does the

complaint state facts sufficient? I hold that it does not. It is a well settled doctrine of the law that the plaintiff cannot recover in such a case, if it appears that by the want of ordinary care or prudence on his part, he directly contributed to the injury; or, in other words, if by the exercise of ordinary care and prudence he might have avoided the injury. Where negligence is the issue, it must be a case of unmixed negligence to justify a recovery, and if both parties by their negligence immediately contributed to produce the injury, neither can recover. When the plaintiff is the proximate cause of the injury, he cannot recover. These propositions are sustained by the following, among other authorities: *Butterfield* v. *Forrester,* 11 East, 60; *The Evansville, &c., R. R. Co.* v. *Hiatt,* 17 Ind. 102; *Lofton* v. *Vogles,* 17 Ind. 105; *The Evansville, &c., R. R. Co.* v. *Lowdermilk,* 15 Ind. 120; *The Toledo & Wabash R. W. Co.* v. *Thomas,* 18 Ind. 215; *Smith* v. *Smith,* 2 Pick. 621; *Brooks* v. *The Buffalo, &c., R. R. Co.,* 25 Barb. 600; *Suydam* v. *The Grand Street, &c., R. R. Co.,* 41 Barb. 375; *Runyon* v. *The Central R. R. Co.,* 1 Dutcher, 556; *Dascomb* v. *The Buffalo, &c., R. R. Co.,* 27 Barb. 221; *Mackey* v. *The N. Y. Central R. R. Co.,* 27 Barb. 528; *Button* v. *The Hudson River R. R. Co.,* 18 N. Y. 248; *Brown* v. *Maxwell,* 6 Hill, 592; *The Cleveland, &c., R. R. Co.* v. *Terry,* 8 Ohio St. 570; *Clark* v. *Kirwan,* 4 E. D. Smith, 21; *Owen* v. *The Hudson River R. R. Co.,* 2 Bosw. 374; *Murch* v. *The Concord R. R. Corporation,* 9 Foster, 9; *Moore* v. *The Central R. R. Co.,* 4 Zabr. 268, 824; *The Toledo R. R. Co.* v. *Goddard,* 25 Ind. 185; *Michigan Southern, &c., R. R. Co.* v. *Lantz,* 29 Ind. 528; *The Evansville, &c., R. R. Co.* v. *Dexter,* 24 Ind. 411; *The Toledo, &c., R. W. Co.* v. *Bevin,* 26 Ind. 443; *The Indianapolis, &c., R. R. Co.* v. *Keely's Adm'r,* 23 Ind. 133; *The Jeffersonville R. R. Co.* v. *Swift,* 26 Ind. 459; *Knight* v. *The Toledo, &c., R. W. Co.,* 24 Ind. 402; *The Indianapolis, &c., R. R. Co.* v. *Wright,* 22 Ind. 376; *The Evansville, &c., R. R. Co.* v. *Duncan,* 28 Ind. 441; *The Lafayette, &c., R. R. Co.* v. *Sims,* 27 Ind. 59.

I hope I have cited authorities enough on this point. According to the complaint the defendant below was, with his

team, standing in the road, and the plaintiffs asked him to get out of their way; he did not comply with the request, and they attempted to drive past him, and were injured, not by any action of the defendant, but by the attempt of the plaintiffs to drive past the defendant's team. This was the fault and negligence of the plaintiffs, and I think they cannot recover.

DOWNEY, C. J., and BUSKIRK, J., hold the complaint sufficient. WORDEN, J., holds that the complaint would have been bad on demurrer, but that the defect was cured by verdict; hence we cannot reverse the judgment on the assignment of error as to the sufficiency of the complaint.

On the trial of the cause, both the plaintiffs were sworn and examined as witnesses, over the objections and exceptions of the defendant. DOWNEY, C. J., and BUSKIRK, J., hold that the wife was properly admitted, but that the husband's evidence should have been refused. WORDEN, J., and PETTIT, J., hold that both should have been rejected under our statute which prohibits husband and wife from being witnesses for or against each other. As we all hold that the husband was improperly admitted, the judgment must be reversed, which is done at the costs of the appellees, with instructions to the court, on any future trial, to refuse to allow the husband to be a witness.

*J. W. Gordon* and *P. H. Ward,* for appellant.

*G. W. Spahr, H. Dailey, J. Hanna* and *F. Knefler,* for appellees.