## SCUDDER ET AL. *v.* CROSSAN.

PLEADING.—*Malpractice.*— *Contributory Negligence.*—Where a complaint alleged that the defendants were practising physicians and surgeons, and as such undertook to set a broken arm of the plaintiff's infant son, and that by reason of their unskilfulness, negligence, and want of care in treating the arm, it inflamed, mortified, and had to be amputated;

*Held,* that the averments were sufficient to show that the plaintiff and his son were without fault, and that their negligence did not contribute to the result.

*Held,* also, that the allegation that the injury was caused by the want of professional skill and care of the defendants must be proved, and was not sustained if it appeared that the negligence of the plaintiff, or of his son, contributed to the injury.

SAME.—A complaint, alleging that the defendants, being physicians and surgeons, were called on and requested, for a reasonable compensation, to set a broken arm of the plaintiff's son, and that they undertook the same, was not bad on demurrer for not showing who employed the defendants; if uncertain in this respect, a motion to have it made more specific was the proper remedy.

From the Daviess Circuit Court.

*N. F. Malott, T. R. Cobb,* and *S. H. Taylor,* for appellants.

*J. W. Burton, A. G. Porter, B. Harrison,* and *C. C. Hines,* for appellees.

OSBORN, J.—This was an action brought by the appellee against the appellants for malpractice.

The complaint consists of three paragraphs.

The first alleges that the appellants were practising physicians and surgeons, and as such were called on by Thomas Crossan, a boy of the age of ten years, the child and servant of the appellee, and requested to set his broken arm, which he then had; that they pretended to do so; that they did it unskilfully, negligently, and unprofessionally, by reason whereof his arm became inflamed and to such an extent mortified that it necessarily had to be amputated.

The second avers that the appellants were physicians and surgeons, practising their profession as partners, and as such undertook and pretended to set the broken arm of Thomas Crossan, the child and servant of the appellee, of the age of

ten years, at the request of the boy; that they attempted to set the arm in a skilful manner; that they did it in such a bungling, negligent, and unskilful manner that the arm mortified and had to be amputated.

The third charges that the appellee is the father of Thomas Crossan, an infant under the age of twenty-one years, and as such entitled to his services and society; that the appellants were practising physicians and surgeons, and as such were called on and requested, for a reasonable compensation, to see, examine, attend, cure, and heal his said son and servant, whose right arm was dislocated; that, in pursuance of such request, they agreed and undertook to set and cure the arm; that they did attempt to do so, but that they so negligently, unskilfully, and unprofessionally set, bandaged, and compressed the arm, and so negligently, unfaithfully, and unprofessionally neglected and refused thereafter to attend him in such sickness, and dress, adjust, cure, and heal the broken arm, that amputation became necessary to save his life, and by reason of such careless, etc., it was necessarily amputated.

A separate demurrer was filed to each of the paragraphs of the complaint and overruled, to which exceptions were taken. An answer of two paragraphs was then filed. The first was the general denial. The second alleged that the injury complained of was caused by the negligence of the plaintiff and his said infant son, and not the unskilfulness and neglect of the appellants. After an unsuccessful motion to strike out the second paragraph of the answer, the appellee filed a reply of general denial. The cause was tried by a jury, resulting in a verdict of four hundred and fifty dollars. The appellants filed a motion for a new trial, which was overruled, and judgment was rendered on the verdict. Exceptions were taken and thirty days time given to file a bill of exceptions. The bill was not filed within the time allowed.

The errors assigned are: 1st. In overruling the several demurrers to the complaint. 2d. In overruling the motion for a new trial.

It is claimed that the complaint is bad, because it fails to allege that the amputation of the arm became necessary without the fault of the appellee or the boy. We are referred to several cases, where it has been held that in a certain class of actions for an injury to the person, caused by the negligence of another, it must appear from the complaint, by express averment, that the plaintiff was without fault, or it must clearly appear, from the facts alleged, that such was the case. *The Toledo, etc., Railway Co.* v. *Bevin,* 26 Ind. 443; *The Evansville, etc., Railroad Co.* v. *Dexter,* 24 Ind. 411. *The Indianapolis, etc., R. R. Co.* v. *Keeley's Adm'r,* 23 Ind. 133. In this class of suits the plaintiff is required, as a general proposition, to prove that the immediate cause of the injury complained of was the wrongful act of the defendant, to which his own wrongful act did not immediately contribute. Hence, it has been held that the complaint must show by averments that he was not in fault. *The Evansville, etc., Railroad Co.* v. *Hiatt,* 17 Ind. 102.

In this case the allegations are, that the appellants were practising physicians and surgeons, and as such undertook to set a broken arm of the infant son of the appellee; that by reason of their unskilfulness, negligence, and want of care in treating the broken arm, it inflamed and mortified and had to be amputated. We think the averments sufficient to show that the appellee and his injured son were without fault, and that their negligence did not contribute to the result. *The Michigan Southern, etc., Railroad Co.* v. *Lantz,* 28 Ind. 528. It seems to us that, on principle, generally, where the complaint, as in this case, shows what the defendant did, that his negligent and wrongful acts caused the injury complained of, it sufficiently appears that the plaintiff is without fault. The allegation that the injury was caused by the want of professional skill and care of the appellants is not sustained, if it appear that the negligence of the appellee or his son, whose arm was broken, contributed to it. That averment must be proved before the plain-

tiff·is entitled· to a verdict.   See *Railroad Co.* v. *Glamon,* 15 Wal. 401.

"Proof of the commission by the defendant, or his servants, of the injury of which the plaintiff complains, very generally carries with it *prima facie* proof of negligence, and it is for the defendant to show that the injury·was the result of inevitable accident, or that it was occasioned by the negligence or misconduct of the plaintiff himself." Addison Torts, 400. "Contributory negligence on the part of the plaintiff, who complains that he has been damnified by the negligence of the defendant, is in general an answer to the action, on the ground that a man can not complain of that which he has himself helped to bring about." *Id.* 18.

The appellants also object to the third paragraph of the complaint, because it does not state with whom the contract to set the broken arm was made, or who employed the appellants.   The allegation was, that the appellants were physicians and surgeons, and as such were called on and requested, for a reasonable compensation, to set a broken arm of the son of the appellee; that in pursuance of that request, they undertook to set and cure the arm.   "In the construction of a pleading for the purpose of determining its effects, its allegations shall be liberally construed with a view to substantial justice between the parties; but when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defence is not apparent, the court may require the pleading to be made definite and certain by amendment." Sec. 90, 2 G. & H. 112.   If it was uncertain who requested the appellants to render the service, or with whom the contract was made, the defect could be reached by motion to make more certain, and not in this case by demurrer.   The nature of the charge was not uncertain.   The appellants have cited no authority in support of the last objection. We think the averment sufficient.   1 Chitty Pl. 384.

The bill of exceptions, not having been filed within the time allowed by the court, is not properly in the record, and consequently no question arising on the motion for a new trial

is before us. *Port* v. *Russell,* 36 Ind. 60; *Byers* v. *Hickman,* 36 Ind. 359.

The judgment is affirmed, with costs.