## THE CENTRAL RAILROAD COMPANY OF NEW JERSEY ADS. ANNA M. VAN HORN AND HER HUSBAND.

1. It may be carelessness, according to circumstances, in a railroad company to notify passengers in the night time, that a station was at hand, and then stop the train short of such station.
2. The negligence of a plaintiff to be a defence, must be contributory to the accident.
3. A count alleging that the plaintiff was in the car of the defendant, and was thrown therefrom by the carelessness of the defendant, is too general in its description of the mode of the injury.

In case.   On demurrer to declaration.

The declaration in this case contained two counts. The first was in substance as follows:   For that whereas the said defendants heretofore, to wit, on the seventeenth day of December, eighteen hundred and seventy-three, at the time of committing the grievance hereinafter mentioned, were possessed of, and were the owners and proprietors of a certain railroad of great length, that is to say, the main trunk of said railroad, extending from Communipaw, in the

county of Hudson and State of New Jersey, to Phillips-burg, in the county of Warren and state aforesaid, with various branches connecting therewith, one of which extends from Newark, in the county of Essex, to Elizabeth, in the county of Union, and which said railroad, with its branches, passes in and across the counties of Hudson, Union, Essex, Middlesex, Somerset, Hunterdon, and Warren, in the State of New Jersey, aforesaid, together with the tracks, cars, carriages, and locomotive engines and the appurtenances thereunto belonging, for the carriage and conveyance of passengers and merchandise from and to all the termini and divers other stations along said main trunk railroad and the several branches thereof, for hire and reward to the said defendants, in that behalf, to wit, at Bridgewater, and the defendants being such owners and proprietors of said railroad and its appurtenances, as aforesaid, thereupon, heretofore, to wit, on the seventeenth day of December, eighteen hundred and seventy-three, to wit, at Bridgewater, the said plaintiff, Anna M. Van Horn, at the city of Newark, aforesaid, became and was a passenger in a coach, carriage or railcar of said defendants, to be safely and securely carried and conveyed thereby, on a certain journey from Newark, aforesaid, to to Somerville, in the county of Somerset, by the way of Elizabeth, in the county of Union, at which last mentioned point, to wit, at Elizabeth, aforesaid, the said defendants required of the passengers so traveling from the said city of Newark, aforesaid, to any points or places beyond the said city of Elizabeth, that they should, upon their arrival at the said city of Elizabeth, leave and go out of the coaches, carriages or railcars which carried such passengers from Newark to Elizabeth, as aforesaid, and then take other coaches, carriages or railcars of the said defendants, in which they were to be carried to their several destinations, on the main trunk line of their said railroad, as aforesaid, for a certain fare and reward, to wit, the sum of one dollar and sixty cents to the said defendants in that behalf, then and there paid by the said Anna M. Van Horn, and accepted by the said defend-

ants as full payment of such fare and reward, and the said defendants then and there received the plaintiff, Anna M. Van Horn, as such passenger as aforesaid, and thereupon it then and there became and was the duty of the said defendants to use due and proper care that the said plaintiff, Anna M. Van Horn, should be safely and securely carried and conveyed by and in the said coaches or carriages of the said defendants, on the said journey from Newark, aforesaid, to Somerville aforesaid; yet the said defendants, not regarding their said duty in that behalf, did not use due and proper care that the said plaintiff, Anna M. Van Horn, wife of John Van Horn, should be safely and securely carried and conveyed by and in the said coach, carriage or railcar, on the said journey from Newark, aforesaid, to Somerville, aforesaid, but wholly neglected so to do, and then and there, at Elizabeth, aforesaid, to wit, at Bridgewater, in the county of Somerset, aforesaid, suffered and permitted their conductors, brakeman, servants, employés and agents on the said coach, carriage or railcar in which the said plaintiff, Anna M. Van Horn, was then riding, to call out the name of the station, "Elizabeth," thereby notifying said plaintiff, Anna M. Van Horn, and other passengers, that they were required to move from and leave the coach, carriage or railcar in which they were then traveling, by reason of their having arrived at the railroad station, in the city of Elizabeth, aforesaid, while the locomotive engine, with all its coaches, carriages and railcars attached thereto, were still in motion and a long distance from the station house or depot platform for landing passengers, to wit, a distance of four hundred feet from and below the station, depot or proper landing place for all passengers at Elizabeth, aforesaid, and upon so stopping said locomotive engine and coaches, carriages and railcars thereto attached, at the place aforesaid, to wit, at the distance from the station in Elizabeth, aforesaid, and then and there caused and permitted said plaintiff, Anna M. Van Horn, to pass to and upon the platform of said coach, carriage or railcar in which she was then and there riding—it being in the night time, and dark

—and caused said locomotive engine, with its coaches, carriages and railcars, then at the distance aforesaid, from the station or platform in Elizabeth, aforesaid, to come to a full stop, and while said plaintiff, Anna M. Van Horn, was so upon the platform of said coach, carriage or railcar, as aforesaid, and about to get therefrom, to wit, at the distance of four hundred feet below said station at Elizabeth, as aforesaid, the said defendants, by their conductors and agents, did cause the locomotive engine, with its coaches, carriages and railcars, constituting the railroad train in which the said Anna M. Van Horn was so being carried, to be suddenly and abruptly put in motion towards the station or landing place for passengers at Elizabeth, aforesaid, whereby said plaintiff, Anna M. Van Horn, without any negligence on the part of the said Anna M. Van Horn, was then and there violently and forcibly thrown from the platform of said coach or railcar to the ground, a great distance, to wit, the distance of six feet, and of the height of four feet, to wit, on the day and year aforesaid, at Elizabeth, to wit, at Bridgewater, aforesaid.

By means whereof, &c.

There was a second count, more general in its statements, and a demurrer to the whole declaration.

Argued at June Term, 1875, before BEASLEY, CHIEF JUSTICE, and Justices DALRIMPLE, DEPUE, and VAN SYCKEL.

For the defendants, *B. Williamson*.

For the plaintiff, *W. H. Long*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. None of the objections taken to the first count of this declaration should prevail. In substance, the complaint is this, that the agent of the defendant gave notice that the train was at the station of Elizabeth: that trusting in such notice, she went out upon the platform of the

car, it being night, and the cars having come to a full stop; that the cars were not at the station, and while the plaintiff thus stood upon the platform, they were suddenly started, and the plaintiff was thereby thrown off and injured. The negligence here complained of was the giving of the false intelligence that the cars had arrived at the station, and by that means inducing the plaintiff to go upon the car platform and to endeavor to alight. The court would not be warranted in saying that it is not negligence to give notice of the approach to a station, and then to stop the train short of such station, in the night time. Such a course would naturally tend to jeopard passengers, for it would induce them to believe that they had arrived at the station designated, and they would, in the ordinary course, go to the car platform. At night, this must be the inevitable result. It is said, in the brief of the counsel of the defendant, that it was right to give the notice at a long distance from the depot, so that the passengers might prepare to leave the cars. This may do when the train is not to stop before it reaches the station. When a station is called, the passengers have the right to infer that the first stop of the train will be at such station.

But it is again said, that the count shows negligence on the part of the plaintiff, and therefore she cannot complain of the defendants' negligence. It is insisted that it affirmatively appears that the plaintiff went out on to the platform while the cars were in motion. But it seems to me, the language of the pleading will hardly bear this construction : its statement, on this subject, is not as clear as it should be, and yet, when critically examined, the fair inference is, that the plaintiff is not described as going to the platform before the stopping of the train. Nor can it be averred, that if the opposite was the fact, negligence is to be implied. That depends on circumstances, and cannot be a legal implication, especially in view of the allegation contained in this count, that the injury in question was occasioned without any negligence on the part of the plaintiff. But there is another refutation of the argument : if there was negligence by the

plaintiff, such negligence was not contributory to the production of the occurrence complained of. Her want of prudence, if any such there was, consisted in her moving from her seat to the platform while the train was in motion; but no hurt ensued from this; she was on the platform, in safety, when the train had stopped, and it was in this situation, that the abrupt starting again, threw her off. She was invited, by the agent of the defendant, to go to the platform. She reached there in safety, and was then thrown off in the manner just described. The manner of her going to the platform did not contribute, as a proximate cause, to the happening of the accident. I conclude, that although this count is open to just criticism, it must be sustained as showing, in substance, a legal cause of action.

The second count, on the point of negligence, differs from the first, by omitting, altogether, all account of the mode of such negligence. It shows, merely, that the plaintiff was in the cars, under a duty of the defendant to carry her safely, and then avers, that she was, " through the negligence, carelessness and misdirection of the defendant and its agents and servants, thrown from and under the coaches or railcars of the said defendant, by means whereof," &c.

It is obvious that such a charge as this goes but a little way towards informing the defendant of the case to be set up against it. I find no precedent in which such extreme generality of statement, with respect to the fact of the carelessness forming the action, has been sanctioned. It is true, that in a suit in case for negligence it is quite common to aver that the injury was inflicted by the want of care in the defendant, omitting all specification of the mode of the fault. But it will be found, upon scrutiny, that in such cases the act, concerning the doing of which negligence is predicated, is of a simple character, so that an allegation of an absence of care in its performance, becomes reasonably intelligible. Thus, when it is stated that a defendant's boat, by his " carelessness, mismanagement, and want of care," as in the form in 2 *Chitty's Pl.* 711, ran foul of and struck the

vessel of the plaintiff, an amount of information sufficient to enable the defendant to understand the case to be made against him, is evidently communicated. Similarly this is done in other instances, that may be found in the books of precedents. The case cited in the brief of the counsel of the defendant is one of this class, it being an action by a railroad company for causing the death of a person by running over him with a locomotive, and it being held that a general averment that the defendant, by its agents, did carelessly and negligently run over, &c., was sufficient, without stating the particulars of such negligence. *Indianapolis P. & E. R. R. Co.* v. *Kelley's Adm'rs*, 23 *Ind.* 133. So the same absence of particularity is allowable where the knowledge of the circumstances must, in the nature of things, be confined to the party inculpated; as where goods are lost by the carelessness of a bailee, in which case it seldom happens that the owner knows the fault which occasioned the loss. But the present case differs from these in its obvious complexity, and in the circumstances that the plaintiff must be possessed of some further knowledge of the manner of the casuality. The statement is, that she was in the cars, and was thrown out by the negligence of the agents of the defendant. The field covered by such a general allegation is, in reality, immense, for it embraces everything involved in the construction of the road and its equipments, or in anywise connected with its methods of running. A railroad company must, of necessity, transact its business by means of innumerable agents, and hence, to allege, that by some act done or omitted, by some one of such agents, an accident has occurred, is to convey very little practical intelligence. A general charge of carelessness, when used in such a connection, has a very different effect from what it has when applied to the single act of sailing a boat or driving a wagon. There is no very exact criterion on that subject, the only general rule that can be propounded, being to the effect, that the certainty in the statement of the plaintiff's case must be such that it is intelligible, and that in a reasonable measure it

apprises the defendant of the substantial case to be made against him. In my judgment, this has not been done in this second count, and therefore I should have struck it out on a motion for that purpose. But it is clearly good on a general demurrer, the defect being one of form, and not of substance.

The plaintiff must have judgment, with the usual leave for the defendant to plead anew.