No. 7989.

## WILLIAMS *v.* MORAY ET AL.

NEGLIGENCE.—*Keeping Vicious Animal.*—*Damages.*—*Pleading.*— *Complaint.*—The owner or keeper of a vicious dog, knowing it to be such, is liable *prima facie* in an action for damages, to a person injured thereby; but he is not liable if the negligence of the party injured contributed to the injury, and the complaint in such action should aver that the plaintiff was without fault.

From the Johnson Circuit Court.

*S. P. Oyler*, for appellant.

*F. S. Staff* and *P. M. Dill*, for appellees.

BEST, C.—The appellee John Moray brought this suit against his co-appellee, and the appellant. His complaint consisted of two paragraphs. He averred, in substance, in the first, that said James and Thomas Williams wrongfully kept a certain dog, well knowing that said dog was accustomed to attack and bite mankind; that, while they so kept him, said dog did attack and bite the plaintiff, by reason whereof he was greatly injured and damaged, in the sum of five hundred dollars.

In the second, he, in substance, averred that said James and Thomas Williams did wrongfully keep, unsecured, a certain ferocious and mischievous dog, and suffered, the same to run at large, well knowing said dog's ferocious and mischievous nature, and his propensity to attack and bite mankind; that, while said dog was suffered by them to run about, without restraint or confinement, he did, on the street and sidewalk, in the city of Franklin, attack and bite the plaintiff, throwing him down, tearing his clothing, wounding and lacerating one of his legs, with great violence, by reason of which the plaintiff was greatly injured, and sustained damages in the sum of five hundred dollars.

The appellant demurred to each paragraph of the complaint, because neither stated facts sufficient to constitute a cause of action. The demurrer was overruled, and he excepted. Both defendants filed an answer in denial. The issue was submitted to a jury, and a verdict returned for the appellee against the appellant, and in favor of the appellee Thomas Williams. The appellant moved for a new trial, which was overruled, and he excepted. A judgment was rendered against him upon the verdict, from which he appeals and assigns, as error, that the court erred in overruling his demurrer to each paragraph of the complaint, and in overruling his motion for a new trial.

In support of the first assignment, it is insisted that the facts averred do not show, nor is there any averment in the

complaint, that the appellee was himself without fault, and, therefore, each paragraph was insufficient on demurrer.

In all actions of negligence this is the rule of pleading. It was so held in the case of *The President, etc.,* v. *Dusouchett,* 2 Ind. 586, and the ruling in that case has been uniformly followed since. *The Evansville, etc., R. R. Co.* v. *Hiatt,* 17 Ind. 102 ; *The Indianapolis, etc., R. R. Co.* v. *Keeley's Adm'r,* 23 Ind. 133 ; *The Evansville, etc., R. R. Co.* v. *Dexter,* 24 Ind. 411 ; *The Jeffersonville R. R. Co.* v. *Hendricks' Adm'r,* 26 Ind. 228 ; *Louisville, etc., R. W. Co.* v. *Boland,* 53 Ind. 398.

In the case last cited, it is said, that in this State it is established by a long line of decisions, that, in an action to recover for an injury caused by the negligence of another, the complaint must show that the party injured was himself guilty of no negligence that contributed to the injury. This is, then, the settled rule in all cases to which it applies. Does it apply in this case? It does, if the action is based upon the negligence of the appellant.

In Shearman and Redfield on Negligence, it is said :

"Sec. 185. The owner of an animal is liable for injuries which by his negligence he suffers it to commit ; and, except in some cases provided for by statute (which will be hereafter separately considered), he is not liable for the acts of the animal upon any other ground than that of negligence, actual or presumed."

The common law imposes the duty upon the owner of an animal that is naturally inclined to stray and trespass upon the lands of another, to restrain it, and, if he does not, negligence is presumed. This duty is not imposed upon the owner of a dog, for the reason that the straying of such an animal upon the lands of another is not liable to cause an injury, but a like duty is imposed upon the owner of a dog to restrain him, if the owner have knowledge that he is vicious, and, if he is not restrained, the failure so to do is negligence.

The gist of the action is the failure to keep such animal securely. It is frequently said that the *scienter* is the gist of the action, and it is true that no action can be maintained without it, but it is equally true that no action can be maintained with it alone. No law is violated, nor any liability created by securely keeping a ferocious animal, with knowledge of its vicious disposition, but this knowledge imposes the duty to keep it safely, and the neglect to do this, coupled with an injury, creates the liability. No negligence is imputed without this knowledge, and with it no liability is incurred, without negligence.

If the owner of such animal, after notice of its vicious disposition, neglects to keep it securely, and any person is injured by it, he is *prima facie* liable for the injury, without proof of neglect in keeping such animal. He must keep it safely, or respond in damages for all injuries inflicted by it, without the fault of the person injured.

This court said, in *Partlow* v. *Haggarty*, 35 Ind. 178, that "Whoever keeps an animal accustomed to attack or bite mankind, with knowledge of its dangerous propensities, is *prima facie* liable to an action for damages at the suit of any person attacked or injured by the animal, without proof of any negligence or fault in the securing or taking care of it. The gist of the action is the keeping the animal after knowledge of its mischievous disposition. Addison on Torts, 184. It was the duty of the defendant to see to it that so dangerous an animal was left in safe hands."

The neglect of the owner renders him *prima facie* liable to every person who is injured by such animal, after notice of its vicious disposition. It does not, however, render him absolutely liable. His negligence will not render him liable, if the negligence of the injured party contributed to the injury.

Judge Cooley, in his work on Torts, at page 346, says: "The doctrine of contributory negligence applies to the case

of injury by animals." The same is asserted in section 199 of Shearman and Redfield on Negligence, and has been recognized as a rule of law, applicable to all the cases brought to recover for such injuries. *Smith* v. *Pelah*, 2 Strange, 1264 ; *Woolf* v. *Chalker*, 31 Conn. 121 ; *Blackman* v. *Simmons*, 3 C. & P. 138 ; *Loomis* v. *Terry*, 17 Wend. 496 ; *Munn* v. *Reed*, 4 Allen, 431.

As the gravamen of the action is negligence, and as contributory negligence by the injured party will preclude a recovery, the complaint should aver that the plaintiff was without fault. It is true that each paragraph of this complaint is in accordance with the forms in Chitty, Abbott, etc., but these forms are in actions of negligence, and can not be regarded as sufficient in this State, under the rule established in 2 Ind., *supra*.

For these reasons we are of opinion that the same rule applies to this case, and that the court erred in overruling appellant's demurrer to each paragraph of the complaint.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and is hereby, in all things reversed, at the costs of the appellee John Moray, with instructions to sustain the demurrer, with leave to amend.