Duffy *v.* Howard.

No. 8057

Duffy *v.* Howard.

Bailment.—*Negligence, Direct and Contributory.—Pleading.—Justice of the Peace.*—A complaint before a justice of the peace, showing a sale by the plaintiff to the defendant of a mare with foal, upon an agreement that the colt when three years old should be delivered to the plaintiff; and that, while so in his keeping, the defendant carelessly turned the mare and colt into a lot with another horse, where it was kicked to death by the mare and horse, is sufficient on demurrer.

Same.—*Bailee for Hire.*—In such case, the defendant was, in respect to the colt, a bailee for hire and bound to use ordinary care.

Same.—It is good pleading to allege that an act was done negligently, without showing the circumstances which made it negligent.

Same.—*Pleading.*—Contributory fault need not be denied, when, from the facts stated, it is evident that there was no such fault.

From the Clark Circuit Court.

*M. B. Williams,* for appellant.

Woods, J.—This action was begun before a justice of the peace. The circuit court sustained a demurrer to the complaint, on the ground that the facts stated were not sufficient to constitute a cause of action; and, the appellant refusing to amend, the court gave judgment for the appellee. The ruling upon the demurrer is the error assigned.

Duffy *v.* Howard.

The material averments of the complaint are: "That on the — day of ———, 1878, the plaintiff was the owner of a mare which was then with foal, of the value of sixty dollars, and that on that day the plaintiff contracted with the defendant to give, barter, and sell said mare to the defendant, in consideration that the defendant would raise and take care of the colt which was then the foal of said mare, until the same was three years old, and then deliver it to the plaintiff; that the mare was delivered of the colt, but that the defendant turned said mare and colt into a lot with another horse, and in so doing was guilty of gross negligence; that, while so turned into the lot together, the colt was kicked by the mare and horse, and then and there died of the injuries so given, and all of the negligence of the defendant; to the plaintiff's damage in sixty dollars, for which he demands judgment."

We are not aided by a brief from the appellee. Upon the facts stated, the defendant was, in reference to the colt, a bailee for hire and bound to the use of ordinary diligence in caring therefor while it was in his possession under the contract.

The attempt of the complaint is to show a breach of that duty and to recover the alleged damages resulting therefrom. The pleading is loosely drawn. The averment of value may apply to the mare as well as to the colt; and it is a matter of inference only, that the alleged contract was ever consummated by a delivery of the mare to the defendant; but, the action having been commenced before a justice of the peace, the complaint avers enough to show a cause of action in that court, and to bar another suit for the same cause, and must therefore be held good. *Howe* v. *Young*, 16 Ind. 312.

The allegation that the defendant turned the mare and colt into a lot with another horse, and in so doing was guilty of gross negligence, is a sufficient averment of negligence,

under the rule of pleading on the subject, which permits of a general statement of the act which is claimed to have been negligent, and does not require that the particular facts constituting the negligence be averred. *The Jeffersonville, etc., R. R. Co.* v. *Dunlap,* 29 Ind. 426 ; *The Indianapolis, etc., R. R. Co.* v. *Keeley's Adm'r,* 23 Ind. 133 ; *The City of Fort Wayne* v. *De Witt,* 47 Ind. 391 ; *The Ohio, etc., R. W. Co.* v. *Selby,* 47 Ind. 471 ; *Kessler* v. *Leeds,* 51 Ind. 212 ; *The Cincinnati, etc., R. R. Co.* v. *Chester,* 57 Ind. 297 ; *The Pennsylvania Co.* v. *Hensil,* 70 Ind. 569 ; *The Ohio, etc., R. W. Co.* v. *Collarn,* 73 Ind. 261.

The complaint is not bad for want of an averment that the injury occurred without contributory fault or negligence on the part of the plaintiff. It is evident from the facts stated, that there was no such contributory fault, and a direct averment was therefore unnecessary. *The Evansville, etc., R. R. Co.* v. *Dexter,* 24 Ind. 411 ; *The Michigan Southern, etc., R. R. Co.* v. *Lantz,* 29 Ind. 528 ; *Scudder* v. *Crossan,* 43 Ind. 343 ; *The Jeffersonville, etc., R. R. Co.* v. *Goldsmith,* 47 Ind. 43 ; *Jackson* v. *The Indianapolis, etc., R. R. Co.,* 47 Ind. 454 ; *The Jeffersonville, etc., R. R. Co.* v. *Hendricks,* 41 Ind. 48 ; *Maxfield* v. *The Cincinnati, etc., R. R. Co.,* 41 Ind. 269 ; *Riest* v. *The City of Goshen,* 42 Ind. 339.

The judgment is reversed, with instructions to overrule the demurrer to the complaint. Costs accordingly.