INDIANA NITROGLYCERINE AND TORPEDO COMPANY *v.* LIPPINCOTT GLASS COMPANY.

[No. 20,726. Filed October 25, 1905.]

1. PLEADING.—*Complaint.*—*Master and Servant.*—*Negligence.*— *Joint Action.*—A master and servant may be sued jointly for negligence committed by such servant in the master's service. p. 363.

2. ABATEMENT AND REVIVAL.—*Joint Defendants.*—*Venue.*—An action, brought against the master and servant jointly for negligence committed by such servant in the master's service, is not subject to the master's plea in abatement of the action because of such master's residence in another county, where it is shown that such servant resides in the county where suit is brought. p. 363.

3. PLEADING.—*Complaint.*—*Negligence.*—*Contributory.*—*Injuries to Property.*—The complaint in an action for negligent injuries to property must negative contributory negligence. p. 363.

4. SAME. — *Negligence. — Contributory. — Inferences.*—Where a complaint states facts from which noncontributory negligence is a necessary inference, a formal allegation thereof is not necessary. p. 363.

5. SAME.—*Complaint.*—*Tort or Contract.*—A complaint against a master and his servant for injuries on account of the servant's negligence in the master's service, stating no consideration for any contract and failing to show any cause of action whatever against such servant, on the theory of contract, will be construed as an action in tort. p. 364.

6. TRIAL. — *Instructions. — Master and Servant.*—*Negligence.*— Where the complaint is such that unless the servant was negligent the master could not be, an instruction that the jury could find in favor of the servant and against the master is erroneous. p. 365.

362    SUPREME COURT OF INDIANA,

Indiana, etc., Torpedo Co. *v.* Lippincott Glass Co.—165 Ind. 361.

7. MASTER AND SERVANT.—*Negligence.*—*Liability of Servant to Master.*—Where the facts are such that the master is liable solely because of his servant's negligence, he has a right of action over against such servant for indemnity.   p. 365.

8. STATUTES.—*Joint Defendants.*—*Several Judgments.*—Section 579 Burns 1901, §570 R. S. 1881, providing for several judgments against joint defendants, though all are served, where plaintiff would be entitled to judgment in a several action, does not apply to a case where the master and servant are sued jointly for the servant's negligence in the master's service and a verdict is returned against the master but is silent as to the servant.   p. 365.

From Superior Court of Madison County; *Henry C. Ryan,* Judge.

Action by the Lippincott Glass Company against the Indiana Nitroglycerine and Torpedo Company and another. From a judgment for plaintiff against such company, it appeals. Transferred from Appellate Court under subd. 2, §1337j Burns 1901, Acts 1901, p. 565, §10. *Reversed.*

*Dailey, Simmons & Dailey,* for appellant.
*James A. May* and *Walker & Foster,* for appellee.

GILLETT, J.—Appellee brought this action against appellant and Stephen A. Clarke to recover damages sustained by appellee, alleged to have been caused by the negligence of said Clarke, as the servant of appellant, in and about the "shooting" of a gas-well with nitroglycerine. The cause was tried under issues made by the joint answers of the defendants. There was a verdict in favor of appellee and against appellant on the fifth paragraph of the complaint, but the verdict was silent as to Clarke. The court rendered judgment for appellee against appellant for the amount of the verdict, and rendered judgment in favor of Clarke that appellee take nothing and for costs.

It is urged that the court below erred in sustaining a demurrer to a plea in abatement of the action, which was

filed by appellant. The action was instituted in Madison county, and it appears from the plea that appellant was organized and had its office in Marion county. The summons for appellant was served on said Clarke, as its agent, and it is alleged in the plea that at the time of the commencement of the action, and at the time of the pretended service, Clarke was in the employ of appellant as a laborer, and not otherwise. It was held in *Wright* v. *Compton* (1876), 53 Ind. 337, that a servant and his master may be joined in an action for the tort of the former, committed during the course of his employment.

As this action is of the same character, and as it is not questioned that Clarke was a resident of Madison county, it follows that there was no ground disclosed for the abating of the action. At the most, said plea showed only a ground for the quashing of the service upon appellant, and, this being true, there was no reason for the abating of the action, as appellee was entitled, in the event the writ was quashed, to an *alias* writ directed to the sheriff of Marion county.

It affirmatively appears that the verdict was on the fifth paragraph of the complaint, and it is contended on behalf of appellant that a demurrer which it addressed to said paragraph should have been sustained, because there was no averment of noncontributory negligence. Where the injury complained of is to property, it is no doubt the law that to make a complaint for negligence sufficient it must appear that the plaintiff was not guilty of contributory negligence; but a direct averment is unnecessary. Under the more liberal rules of code pleading, it is sufficient if a fact appears as a necessary inference from such facts as are well pleaded. *Malott* v. *Sample* (1905), 164 Ind. 645, and cases cited; *Pennsylvania Co.* v. *Sears* (1894), 136 Ind. 460. This rule has been applied in determining whether a complaint shows noncontributory negligence on the part of the plaintiff.

*Evansville, etc., R. Co.* v. *Dexter* (1865), 24 Ind. 411; *Riest* v. *City of Goshen* (1873), 42 Ind. 339; *Jeffersonville, etc., R. Co.* v. *Goldsmith* (1874), 47 Ind. 43; *Duffy* v. *Howard* (1881), 77 Ind. 182. In the complaint before us it is alleged "that said explosion and each and all of said injuries and damages to plaintiff and to said well were each and all caused, produced and occasioned solely and entirely by the unskilfulness and negligence of defendants in shooting said well." This was clearly sufficient under the above authorities.

The court instructed the jury that certain of the paragraphs of the complaint were founded on the theory of negligence, and that the other paragraphs were based on a breach of contract. The twelfth instruction of the court, to the giving of which appellant excepted, was as follows: "There are two defendants in this case, and you may find for the plaintiff against both defendants, or against one and for the other, or you may find for both defendants, as the preponderance of the evidence warrants."

After a careful study of the fifth paragraph of the complaint, it is our conclusion that in its gravamen it is an action for negligence. We base this conclusion on a

5.    study of the framework of the paragraph, on the fact that there is no sufficient allegation as to a consideration, and on the further fact that otherwise the paragraph would not even purport to state a cause of action against the defendant Clarke. The following cases tend to support us in the view that said paragraph is based on the theory of negligence: *Staley* v. *Jameson* (1874), 46 Ind. 159, 15 Am. Rep. 285; *Goble* v. *Dillon* (1882), 86 Ind. 327, 44 Am. Rep. 308; *DeHart* v. *Haun* (1890), 126 Ind. 378; *Coy* v. *Indianapolis Gas Co.* (1897), 146 Ind. 655, 36 L. R. A. 535. But we need not discuss this point further, as the view above expressed as to the theory of said paragraph is in accord with the position of counsel for appellee.

Treating said paragraph as based on negligence, it is clear that the trial court fell into error in the giving of the above instruction. There could be no responsibility on the part of appellant under the facts pleaded in said paragraph, viewing it as an action for negligence, unless Clarke, its servant, was also negligent; and a verdict against the former and in favor of the latter would, under the allegations of the paragraph, have been self-contradictory. If appellant were compelled to pay damages, it had a right to seek indemnity from its servant, and as the latter had been discharged, in a suit on the merits, he could not again be held liable, for that would deprive him of the benefit of his adjudication. *Doremus* v. *Root* (1901), 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649; *City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 66 L. R. A. 119. The action of the court is sought to be defended under §579 Burns 1901, §570 R. S. 1881, but we are of opinion that said provision is not applicable to the circumstances of this case.

Judgment reversed, and a new trial ordered.