MATLOCK v. POWELL, Executor.

*Maxwell v. Collins*, 8 Ind. R. 38, followed.

If the right of a foreign executor to sue as such be not denied by an answer under oath, it is admitted, and he need offer no proof of his appointment.

*Thursday,
June 7.*

APPEAL from the *Putnam* Court of Common Pleas.

WORDEN, J.—*Powell*, as executor of *Lee*, sued *Matlock* before a justice of the peace, for money, had and received. *Matlock* appeared to the action, and, on judgment being rendered against him, appealed to the Court of Common Pleas, where the cause was tried by the Court, who found for the plaintiff, and rendered judgment on the finding, overruling a motion for a new trial.

*Matlock* appeals to this Court, and has assigned nine errors in the proceedings below, the second, third, fifth, and sixth of which relate to the sufficiency of the evidence to sustain the finding, and they will be no further noticed, no error being assigned upon the decision of the Court in overruling the motion for a new trial. The eighth and ninth are, that the judgment is not sustained by the evidence; and that the judgment was rendered for the plaintiff, whereas it should have been rendered for the defendant. These assignments present no question for determination here.

The remaining errors assigned are as follows:

1. "That said *Putnam* Court of Common Pleas had no jurisdiction of said *Matlock*, defendant below, he being a resident of the county of *Hendricks*, and this suit having been commenced in the justice of the peace Court."

4. "That the Court erred in permitting the record of the letters testamentary and their authentication to be read in evidence, the same not being duly and legally certified to be in due form."

7. "That the said executor, being a foreign executor, had no authority to sue in the Courts of *Indiana*."

It appears by the bill of exceptions, that *Matlock*, at the time the suit was commenced, was a resident of the county

of *Hendricks*, and not of the county of *Putnam*, in which
the suit was commenced, and where the cause of action
accrued.   It also appears by the justice's transcript, that
process was duly served upon him, and that he appeared
to the action without making any objection to the juris-
diction.   Indeed, no objection of the kind appears to have
been made, either before the justice or in the Common
Pleas.   But had the objection been made, it could not
have prevailed, as was settled in the case of *Maxwell* v.
*Collins*, 8 Ind. R. 38.

The plaintiff sued as a foreign executor, appointed by
the Probate Court of *Tuscaloosa* county, in the state of
*Alabama*, and the objection to the authentication of his
letters testamentary is, that such authentication is not
strictly in accordance with the act of congress, or § 286 of
the code, on the subject of the attestation of records of
judicial proceedings of other states.   There being no plea
filed under oath denying the plaintiff's representative capa-
city, under the provisions of §§ 152 and 159 of the statute
on the subject of executors and administrators (2 R. S.
pp. 283, 284), it was not necessary that the letters testa-
mentary should have been offered in evidence at all.

Section 152 provides that "it shall not be necessary for
such executor or administrator (resident) to make profert
of his letters, nor shall his right to sue as such executor or
administrator be questioned, unless the opposite party shall
file a plea denying such right, with his affidavit to the truth
thereof thereunto attached."

The 159th section provides that "A non-resident execu-
tor or administrator, duly appointed in any other state or
country, may commence and prosecute any suit in any
Court of this state, in his capacity of executor or adminis-
trator, in like manner and under like restrictions as a resi-
dent."

Under these provisions, a foreign executor or administra-
tor, as well as a resident, may sue, and unless his authority
be denied under oath as provided for, his capacity and
right to sue are admitted, and he need offer in evidence on
the trial no proof of his appointment.   Hence, it is wholly

May Term,
1860.

immaterial whether the objection to the letters offered in evidence was well taken or otherwise.

The seventh assignment of error is disposed of by reference to the section of the statute above quoted, authorizing foreign executors and administrators to sue in the Courts of this state.

*Per Curiam.*—The judgment is affirmed with costs.

*A. Daggy,* for the appellant.