## THE JEFFERSONVILLE RAILROAD COMPANY *v.* HENDRICKS' Administrator.

FOREIGN ADMINISTRATORS.—RIGHT TO SUE.—Under section 159, 2 G. & H. 528, foreign executors and administrators are authorized to sue in the courts of this State in like manner and under like restrictions as residents. The last clause of that section relates to the evidence of the right to sue as such executor or administrator, when that right is properly put in issue, and does not require that a copy of the letters should be filed in the clerk's office of the county before suit is commenced. Page 230.

SAME.—The right of a foreign administrator to sue as such can only be questioned by a plea under oath. Page 230.

CARRIERS OF PASSENGERS.—NEGLIGENCE.—Carriers of passengers are only liable for negligence, and are not insurers of the safety of their passengers. They are required to exercise the highest degree of care, and are responsible for the slightest neglect. Page 231.

SAME.—MUTUAL NEGLIGENCE.—The passenger is also bound to use ordinary care to avoid injury, and if by a failure to do so he directly contributes to the injury, he cannot recover. Page 231.

SAME.—PLEADING.—A complaint for an injury suffered by a passenger from the negligence of a railroad company should contain an allegation that the plaintiff did not contribute to the injury. Page 232.

RAILROADS.—NEGLIGENCE.—It is the duty of those having charge of a railroad train to stop it at the stations a sufficient time to enable passengers to leave the train, and it is carelessness for a passenger to attempt to leave the train while it is in motion. Page 232.

SAME.—If the train should be started again while the passenger is in the act of leaving it, and without giving him a reasonable time for that purpose, and an injury should result, the company would be liable. Page 233.

APPEAL from the *Bartholomew* Circuit Court.

ELLIOTT, J.—Suit by *Cornelius Hendricks*, as administrator of *Rebecca Hendricks*, deceased, against *The Jeffersonville Railroad Company*, for causing the death of said *Rebecca*, whilst a passenger on one of the trains of said company, by the negligence and want of care of its agents and servants, having charge of the train.

The defendant filed an answer under oath, alleging that the plaintiff was a foreign administrator, appointed under the laws of *Kentucky* in *Fayette* county of that State, and

not by any clerk or court in the State of *Indiana,* and that he had not before the commencement of the suit, nor at any other time, filed in the clerk's office of said *Bartholomew* Circuit Court, nor in said court, any copy of his letters of administration on the estate of said *Rebecca,* or of his appointment as such administrator.

A demurrer was sustained to this answer, to which the defendant excepted.

An answer in denial of the complaint was then filed.

Trial by jury, and verdict for the plaintiff for $2,500. The defendant moved for a new trial, but the court overruled the motion and rendered judgment on the finding of the jury, to which the defendant excepted.

The ruling of the court in sustaining the demurrer to the answer in abatement presents the first question made by the appellant, in this court.

The statute provides that "a non-resident executor or administrator, duly appointed in any other State or country, may commence and prosecute any suit in any court of this State, in his capacity of executor or administrator, in like manner and under like restrictions as a resident; and a copy of his letters, duly authenticated in like manner as provided in" the same "act, being produced and filed in the court in which suit is brought, shall be sufficient evidence of his due appointment," &c. 2 G. & H., § 159, p 528.

Section 151 confers upon every executor or administrator "full power to maintain any suit in any court of competent jurisdiction, in his name as such executor or administrator, for any demand of whatever nature due the decedent in his lifetime," &c. And section 152 provides that, "In any suit contemplated by the preceding section, it shall not be necessary for such executor or administrator to make profert of his letters, nor shall his right to sue as such executor or administrator be questioned, unless the opposite party shall file a plea, denying such right, with his affidavit to the truth thereof thereunto attached; in which

case a copy of the letters issued to such executor or administrator, duly authenticated, shall be all the evidence necessary to establish such right."

Under section 159, as we have seen, foreign executors and administrators are authorized to sue in the courts of this State in like manner and under like restrictions as residents. The last clause of the section relates to the evidence of the right to sue as such executor or administrator, when that right is properly denied or put in issue, and does not require that a duly authenticated copy of the letters should be filed in the clerk's office of the county, before the suit is commenced.

The plaintiff's right to sue in his representative capacity could only be questioned by a plea, under oath, denying such right. *Matlock* v. *Powell, Executor*, 14 Ind. 378.

The answer under consideration does not deny that the plaintiff had been duly appointed administrator of the decedent's estate, nor his right to sue in that capacity, but, on the contrary, it admits the plaintiff's appointment as administrator in *Fayette* county, *Kentucky*, under the laws of that State; which is an admission of his right, *prima facie*, at least, to sue as such under the laws of this State. The right of the plaintiff to sue as administrator not being denied as required by the statute, the answer is clearly bad.

But it is further insisted by the appellant that the complaint is defective, and that the demurrer should, therefore, have been overruled to the answer, for the reason that a bad answer is sufficient to a bad complaint, and should have been sustained to the complaint.

The objection urged to the complaint is, that it does not show by direct averment or otherwise, that the death of the decedent was caused by the careless or negligent acts of the agents of the railroad company alone, and was not produced or contributed to by any negligence on the part of the deceased.

In the case of *The President, &c., of the Town of Mount Vernon* v. *Dusouchett*, 2 Ind. 586, which was a suit for

damages for an injury to the plaintiff's boat, caused by the defendant in wrongfully permitting a steam boiler to remain in a street, above low-water mark and below high-water mark, it was held that the declaration must show that there was no fault on the plaintiff's part. And so, in an action to recover for an injury to a person, not a passenger, caused by a train of cars on the defendant's railroad, it was held that in such cases the plaintiff must aver in his complaint and prove at the trial that the injury was caused by the wrongful act of the defendant, to which his own wrongful act or negligence did not immediately contribute. *The Evansville, &c., Railroad Company*, v. *Hiatt*, 17 Ind. 102. The ruling on this point in these cases was subsequently approved and followed by this court, in the *Indianapolis, Pittsburgh, &c. Railroad Company*, v. *Keely's Administrator*, 23 Ind. 133, and *The Evansville, &c. Railroad Company*, v. *Dexter*, 24 Ind. 411, and must be regarded as settled, in the class of cases to which it is applicable.

Does the case under consideration come within the rule? This question, we think, must be answered in the affirmative. Carriers of passengers are only liable for negligence, and are not insurers of the safety of their passengers, as they are of goods and the baggage of passengers. But they are required to exercise the highest degree of care to secure the safety of passengers, and are responsible for the slightest neglect, if an injury is caused thereby. But the passenger is also bound to use ordinary care and prudence to avoid injury, and although the carrier be guilty of negligence, still if the passenger, by his own misconduct, in failing to exercise ordinary prudence, directly contributes to the injury, he cannot recover. Two things must concur to enable the plaintiff, in such a case, to recover, viz, negligence on the part of the defendant and no want of ordinary care on the part of the plaintiff which directly contributed to the injury. Redfield on Railways, page 323, *et seq.*, and authorities there cited.

True, it has been held that the fact that injury is suffered by any one while upon the company's train as a passenger,

is *prima facie* evidence of the company's liability. Ordinarily such fact should be regarded, at least, as *prima facie* evidence of negligence on the part of the company, but it is difficult to perceive upon what principle that fact alone can be regarded as any evidence that the passenger did not by his own negligence contribute to the injury. In many cases the very nature of the casualty would doubtless afford *prima facie* evidence that the injury did not result from any fault of the passenger; but in such case the inference would be drawn rather from the cause producing the injury, than from the mere fact of the injury itself. But however this may be, the principle stated is one of evidence only, and not of pleading, and does not therefore, affect the question under consideration.

The complaint alleges that the deceased took passage on a train of cars, to be conveyed from *Jeffersonville* to *Columbus,* on the defendant's railroad; that when the train arrived at the proper station at *Columbus,* the agents and servants of the defendant, having charge of the train, negligently failed to assist the deceased in getting off the same; and also negligently failed and refused to stop the train, at said station, a sufficient length of time to enable the deceased to get safely therefrom; and that by reason thereof, in attempting to get off, she was violently thrown from the car upon the ground, between the car and the platform of the depot, and upon the iron rails of the track, and was run over by the cars and thereby killed.

It was, most unquestionably, the duty of the conductor, or those in charge of the train, to stop at the station a sufficient time to enable the deceased to get safely off, and if from any cause it was necessary that she should have aid in getting from the train, it should have been furnished by the defendant. On the other hand, the deceased in leaving the train was bound to exercise ordinary care and prudence to avoid injury. If the train had not stopped at the station so as to enable the deceased to get off, and had

carried her beyond her destination, the company would have been liable in damages. But the fact that the train was passing the station without stopping, could not justify her in attempting to get off by leaping from it. It is the duty of those having charge of the train, in such cases, to stop it, to enable passengers to leave it safely, and it is carelessness in passengers to attempt to leave the train whilst it is in motion. But if the train should be stopped, and when the passenger is in the act of getting off, and without allowing a reasonable time for that purpose, should be suddenly started again, whereby an injury occurs to the passenger, the company would be liable.

The questions òf fact to be determined by the jury in such cases, are, 1, was the defendant guilty of negligence? and if so, 2, was the injury complained of caused by such negligence alone, or did the plaintiff's own negligence directly contribute to it?

Exceptions were taken to the charge of the court to the jury, and also to the refusal of the court to give certain instructions asked by the defendant. We have examined the instructions given by the court, as well as those asked by the defendant, which the court refused to give. We think the former contained a correct and very full enunciation of the law of the case as presented by the evidence, and was not unfavorable to the defendant, and that the instructions asked by the defendant, which the court refused to give, so far as they were proper, were substantially given in the general charge of the court.

Another point made by the appellant is, that the Circuit Court erred in overruling the defendant's motion for a new trial, for the reason that the finding of the jury was not sustained by the evidence. The evidence is all in the record, and a careful examination of it has not clearly satisfied us that it sustains the finding. No witness testified to having seen the deceased leave the train at *Columbus*. Even the fact that she was on the train to

which the evidence was directed was left in great doubt, but if she was, still there was no evidence as to how the casualty happened. She was found on the track at the station,.dead, about an hour after the train passed, and had evidently been run over by the cars; but whether she fell, or was thrown from the train, or had safely landed from it on the platform, and afterwards, in passing along the platform, by a mis-step, or other mishap, fell and was thrown under the cars as they were passing away, is left entirely to conjecture. But as the case must be reversed for reasons already given, and as the evidence upon another trial may present the case in an entirely different light, we do not regard it necessary at this time to pass on the question, or refer more particularly to the evidence.

The judgment is reversed with costs, and the cause remanded with instruction that the court below carry the demurrer to the answer back, and sustain it to the complaint, with leave to both parties to amend their pleadings.

*S. Stansifer* and *C. E. Walker*, for appellant.

*R. Hill* and *J. M. Rogers*, for appellee.