may lawfully and rightfully do. It is not an actionable wrong to defend oneself against an unlawful assault, and he who does only that, even though he kill or grievously wound his assailant, cannot be made to yield a compensation in damages to the person or persons injured.

The only question which even justifies debate or suggests doubt, is whether the excluded evidence was material. If it was wholly immaterial, then its exclusion was a harmless error, and harmless errors will not warrant a reversal. We cannot say that it was immaterial. The appellant may have understood from the declaration that it was a threat to renew the assault made upon him a few minutes before. The jury, had the declaration gone to them, might well have inferred that it was a declaration of appellee's intention to renew his hostilities. However this may be, the trial court had no right to say that a declaration made at the time the altercation was in progress, made a minute or two after the first blow was struck, and an instant or so before the pistol was discharged, was so clearly immaterial as to justify its absolute exclusion from the jury. All of the words and acts of the parties ought to have gone to the jury. It is not for the court to detach words or sentences; all should go to the jury, leaving it for them to assign to acts and words their proper effect and meaning.

Judgment reversed with costs, and with instructions to sustain appellant's motion for a new trial.

Friedley, Riley, Wilson & Buskirk, for appellant.

Buskirk & Duncan, for appellee.

---

## THE PITTSBURG, CINCINNATI AND ST. LOUIS R. R. COMPANY v. BENJAMIN F. WILLIAMS.

1. *Presumption of Negligence.*—When the fact has been established that a passenger in a railroad car has been injured. without his fault, by the car in which he was sitting being thrown from the track and upset, the law will presume negligence on the part of the railroad company, unless the evidence shows there was not.

2. *Evidence for Defense where Accident is Caused by a Broken Rail.*—In such case it is not sufficient for the defendant company to show that the broken rail was sufficient in size and free from all defects, but it must show also that the broken rail had been properly laid down, and spiked on sound and sufficient cross-ties.

3. *Sufficiency of Cars.*—It will not do to say, as a matter of law, that a railroad company has performed its full duty as a common carrier of passengers, when it has furnished for their carriage a car or caboose which will run with safety while upon the track, but will be unable to resist the crash when thrown from the track·

4. *Dfects at other Points of the Road.*—The fact of existing defects at other points on the road, will not make a case of negligence, unless it is shown that such defects caused or materially contributed to the accident.

5. *Specific Objection to Error.*—On appeal, the particular objection to an instruction must be distinctly pointed out, or it will be regarded as waived.

6. *Specific Questions on Reasons for a New Trial.*—Also questions arising under reasons given in the court below, for a new trial, must be specifically stated in the Supreme Court, or be considered as waived.

Filed May 25, 1881.

Appeal from Morgan Circuit Court.

Opinion of the court by Mr. Chief Justice Howk.

In this action, the appellee sued the appellant to recover damages for personal injuries, which he alleged that he sustained, without fault on his part, while being carried as a passenger in the cars and on the railroad of the appellant, by and through the carelessness and negligence of its servants and agents.

The cause having been put at issue, was tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of seven thousand five hundred dollars; and the appellant's motion for a new trial having been overruled, and its exception saved to this ruling, judgment was rendered on the verdict, from which said judgment this appeal is now here prosecuted.

All the questions presented for the decision of this court, in this case, arise under the alleged error of the circuit court, in overruling the appellant's motion for a new trial. In this motion, thirty-two alleged causes for such new trial, consisting chiefly of supposed errors of law, occurring at the trial and excepted to, were assigned by the appellant; but as many of these causes have not been even alluded to, by its counsel, in argument, we deem it unnecessary and unprofitable for us to set them out in this opinion. We will consider and decide such questions only as the appellant's counsel have presented and discussed in their able and exhaustive brief of this cause, and as have been properly saved in and by the record before us, in the order adopted by counsel.

It is insisted by the appellant's attorneys, in argument, that the

court erred in its sixth instruction to the jury trying the cause, which instruction reads as follows:

"6th. When the fact has been established that a passenger in a railroad car has been injured, without his fault, by the car in which he was riding being thrown from the track and upset, the law will presume negligence on the part of the railroad company, unless the evidence shows there was not."

It is claimed by the appellant's counsel that the doctrine of this instruction is now exploded, but we fail to see the matter in the light in which counsel have sought to present it. Indeed, it seems to us that the doctrine of the instruction is good law, and, as such, it has been approved and sanctioned by this court, in several of its decisions. Thus, in the case of *The Jeffersonville Railroad Company* v. *Hendricks*, adm'r, 26 Ind. 231, in speaking of the ruling, sometimes declared, that the fact that injury is suffered by a passenger, while upon the company's train, is *prima facie* evidence of the company's liability, it was said by this court that "ordinarily, such fact should be regarded at least as *prima facie* evidence of negligence on the part of the company." This is substantially the doctrine of the instruction complained of, and, so far as we are advised, its correctness has never been doubted or questioned by this court. *Sherlock* v. *Alling*, 44 Ind. 184.

In some respects, the case at bar is similar to the case of *Edgerton* v. *The New York and Harlem Railroad Co.*, 39 N. Y., 227, decided by the Court of Appeals of New York, in 1868. In the case cited, the court said: "The evidence showed, that the car, in which the plaintiff was riding, in part ran off the track and was broken, by means of which the plaintiff was injured. This was *prima facie* evidence of negligence of the defendant. The latter had the entire control, not only of the vehicle, but also of the track upon which it was run, and it owed a duty to the plaintiff to keep both in a perfect and safe condition for the transportation of passengers with entire safety, so far as human prudence can accomplish these results. Experience proves that, when the track and machinery are in this condition and prudently operated, the trains will keep upon the track and run thereon with entire safety to those on board. Whenever a car or train leaves the track, it proves that either the track or machinery, or some portion thereof, is not in a proper

condition, or that the machinery is not properly operated, and presumptively proves that the defendant, whose duty it is to keep the track and machinery in the proper condition, and to operate it with the necessary prudence and care, has, in some respect, violated this duty. It is true, that a bad state of the track or machinery may have resulted from the wrongful act of persons for whose conduct the defendant is not responsible, and the injury to the passenger may have resulted therefrom, and, in such a case, the company is not responsible, but such cases are extraordinary, and those guilty of perpetrating such acts are highly criminal ; and therefore, there is no presumption of the perpetration of such acts by others, and the company, if excusable upon this ground, must prove the facts establishing such excuse.

The doctrine of the instruction under consideration has been approved by the courts of last resort in divers other States and by the Supreme Court of the United States. *P., C. & St. L. Railroad Co.* v. *Thompson,* 53 Ill 138; *Sullivan* v. *P. & R. Railroad Co.,* 30 Penn. Stat. 234; *B. & O. Railroad Co.* v. *Worthington,* 21 Md. 275; *Yonge* v. *Kinney,* 28 Georgia, 111; *Zemp* v. *W. & M. Railroad Co.,* 9 Rich. (S. C.) 84; *New Orleans, etc., Railroad Co.* v. *Allbritton,* 38 Miss. 242; *Higgins* v. *H. & St. J. Railroad Co.,* 36 Missouri, 418; *Stokes* v. *Saltonstall,* 13 Peters, 181. We are of the opinion, that the court did not err in its sixth instruction to the jury trying the cause.

The appellant's counsel claim, that the court erred in its refusal to give the jury the third instruction, asked by the appellant, which reads as follows :

" 3. The plaintiff having shown that the car was thrown from the track and road, and that he received an injury therefrom, this makes a *prima facie* case in favor of the plaintiff; but if the defendant has shown that the car was thrown off by reason of the breaking of a rail, sufficient in size and free from all defects, then the plaintiff cannot recover without showing, by the preponderance of the evidence, that the break resulted from some defect in the construction and repair of the road, or the machinery, or from negligence in operating the train, or from one or more, or all of these causes. "

In discussing this supposed error, it is conceded by the appel-

lant's counsel "that the main controversy between the parties was as to the cause of breaking the rail. The plaintiff claimed that the rail broke for want of sufficient support, the ties under the rail being rotten, and the rails not being well spiked down, etc. On the other hand, the defendant claimed that the ties under the rail were good, and the rail properly spiked, and the like, and the break was caused by the action of the frost alone. * * * To say the least, on this issue there was a strong conflict of evidence." Under this view of the state of the evidence, which is certainly as favorable for the appellant as its learned counsel could make it, we are of the opinion that the court committed no error in its refusal to give the third instruction, above quoted, at the appellant's request. In the case, as stated in said instruction, it was not sufficient, we think, for the appellant to show that the broken rail was " sufficient in size and free from all defects; " but, in order to relieve itself of the burthen of the issue in the case as stated, it was necessary that the appellant should have gone further and have shown that such broken rail had been properly laid down and spiked, on sound and sufficient cross-ties.

The next point made by the appellant's counsel, in argument, is that the court erred in refusing to give the first and sixth instructions, asked by the appellant. These two instructions were as follows :

" 1. If the caboose in question was good and sufficient for running with safety, while upon the road of the defendant, the fact that it was unable to resist the crash when thrown from the track and road does not constitute a case of negligence against the defendant for not providing a good and sufficient car or caboose for carrying passengers.

"6. If the road of the defendant was good and sufficient for safety, and if the car was thrown from the road, without any carelessness or neglect of the defendant, by the breaking of a rail, or from some hidden or unavoidable cause, and if the car in which the plaintiff was riding was sufficient and safe for running while it remained on the road, you cannot find against the defendant on the ground that, if the car had been stronger, the injury might not have occurred, or not have been so severe. "

The court did not err, we think, in its refusal to give these two

instructions, or either of them, to the jury trying the cause. It will not do to say, as matter of law, that a railroad company has performed its full duty, as a common carrier of passengers, when it has furnished for their carriage a car or caboose, which will run with safety while upon its road, but will be unable to resist the crash when thrown from its track. Yet, this was substantially what the court was asked to tell the jury, in each of the two instructions above quoted. The instructions do not state the law correctly, and the court very properly refused to give them.

The appellant's counsel next complain of the action of the court, in amending and modifying the latter part of the seventh instruction, asked by the appellant, and in giving the instruction as amended and modified. We set out the part of said instruction to which the complaint of counsel applies, as follows:

" For instance, if there were rotten and defective ties, defective chairs and loose spikes, at other points in the road, such facts, if proven, would not make a case of negligence at the point of the accident, nor render the defendant liable for the injury, unless [such defective condition was shown at the point of the accident, and] it was further shown that such defective condition caused *or materially contributed* to the accident."

The amendment and modification of the foregoing part of the seventh instruction, by the court, consisted in striking out therefrom the words which we have enclosed within brackets, and in inserting therein the words which we have italicised, at the place where they now appear. In their brief of this cause, the appellant's counsel say that the plain and obvious meaning of the seventh instruction, as asked, was this: "That the jury had no right to infer a defective condition of the road at the place of the accident, from proof of a defective condition at other points. The instruction, as given, said to the jury, in effect, simply this: that proof of defects in the road at other points would render the defendant liable, if such defects caused or contributed to the accident. This was correct, but it did not cover the point asked." We agree with counsel that the instruction, as amended, modified and given, was correct; and we are of the opinion that the court did not err, either in refusing to give the instruction as asked, or in amending and modifying the same, in the manner indicated, and as it was given.

2

Appellant's counsel say, in their brief, that the court erred in refusing to give the second instruction, asked by the defendant; but they have failed to point out the supposed error therein, or to discuss any question thereby presented. Under the settled practice of this court, this alleged error, must, therefore, be regarded as waived.

The Court, at the appellant's request, submitted to the jury trying the cause, the following question of fact:

5. "At what time, (giving the hour and minute,) did the wreck occur, on the 23d of March, 1877, on the road of the defendant?"

The jury first answered this question as follows: "From the evidence adduced we cannot so accurately answer." But this answer having been objected to, the jury retired under the direction of the court, and afterwards returned this answer to the question: "From the nature of the question, we cannot so positively answer." Over the appellant's objection, the second answer was accepted by the court, and the jury were discharged from the further consideration of the question.

It is claimed by the appellant's counsel, that this action of the court was erroneous, but we cannot so regard it. On this point, counsel say: "Two witnesses at least testified, that the wreck occurred between 11:40 and 11:45 A. M." It is certain, we think, that the jury could not, from the evidence of these two witnesses, give the "hour and minute" at which the wreck occurred; and it was the precise time to a minute, and not an approximation of the time, which the question required the jury to give in their answer thereto. It seems to us, that each of the answers of the jury was a sufficient answer to the question submitted to them, under the evidence as stated by the appellant's counsel. The question was so framed that it might well have been understood by an accurate and literal minded jury, to require from them a direct and positive answer to a minute, or none at all, and as they could not, under the evidence as stated by counsel, answer to a minute, their answers were that they could not answer so accurately or so positively as the question seemed to require them to answer. We have no doubt that the jury answered the question conscientiously, and the action of the court in discharging them from the further consideration of the question, was right and proper, as it seems to us.

The only other matter complained of by the appellant's counsel, is mentioned in their brief in the following language:

" We further submit that a new trial should have been granted for each of the 28th, 29th, 30th and 32d reasons assigned for a new trial. But as this brief is already too long, we must content ourselves with simply calling the attention of the court to these reasons." This is all that counsel have said on the question presented. Under the practice of this court, and with all proper respect for the learned counsel, we think that we must content ourselves with simply saying that the questions arising under these reasons for a new trial, if there were any such questions properly saved, must be regarded as waived.

We find no error in the record of this cause for which the judgment below can or ought to be reversed.

The judgment is affirmed at the appellant's costs.

Claypool, Newcomb & Ketchum, and Grubbs, Parks & Phelps, for appellant.

Harrison, Hines & Miller, for appellee.