85  167
7ap407

FREDERICK W. WEBSTER, Respondent, *v.* THE ELMIRA, CORTLAND AND NORTHERN RAILROAD COMPANY, Appellant.

*Negligence — presumed, in an action for personal injuries, from the derailment of a car.*

Upon the trial of an action brought to recover damages resulting from personal injuries, sustained by the plaintiff by reason of the defendant's alleged negligence, it was shown that a car on the defendant's steam railway in which the plaintiff was a passenger was derailed, whereby the plaintiff was injured.

*Held*, that it was error for the trial court to charge the jury that the fact that the train left the track raised no presumption of negligence, and that such error, where judgment was rendered for the defendant, furnished a sufficient reason for granting a new trial of the action.

APPEAL by the defendant, The Elmira, Cortland and Northern Railroad Company, from an order of the Supreme Court, made at the Chemung Special Term and entered in the office of the clerk of the county of Chemung on the 10th day of April, 1894, granting the plaintiff's motion for a new trial made on a case containing exceptions.

The action was brought to recover damages sustained by the plaintiff while a passenger on one of defendant's trains by reason of the derailment of the car in which he was riding. The case was tried at the Chemung Circuit and a verdict was rendered for the defendant. A case and exceptions were then settled, and a motion for a new trial made at a Special Term held by the justice who held the Circuit. From the order made on that motion the defendant appeals.

*Frederick Collin*, for the appellant.

*Parsons, Shepard & Ogden* and *John M. Perry*, for the respondent.

MERWIN, J. :

The defendant claims that there was no good reason for granting a new trial. The order does not state the particular ground on which it was made. Both sides, however, have addressed themselves mainly to the question whether the court at Circuit erred in its charge as to the presumption that arises from the fact of derailment, and that is the main question here.

The accident happened on the 16th of March, 1887. On that day plaintiff purchased a ticket for passage over defendant's road from Canastota to Elmira. The train consisted of an engine, tender, baggage car, passenger coach and a smoker. The plaintiff was in the smoking car. The train proceeded safely until it passed Park station. Between that station and Erin station there is a four degree curve in the track for the continuous distance of about 1,400 feet, a portion of which is over a bridge which is thirty-four feet long. As the train passed round this curve, the car in which the plaintiff was riding left the track, and after proceeding a short distance on the ties was overturned and the plaintiff was injured. The engine passed along safely but all the cars were derailed to some extent, the derailment commencing at or near the north end of the bridge. There was evidence on the part of plaintiff tending to show that the train was going very fast, that the ties were defective and the rails spread. On the part of the defendant there was evidence tending to show that the speed was about twenty-four miles an hour, that the track was in good order and the rails did not spread.

The court, in the course of its charge, said : " The fact that the accident occurred under the circumstances that it did, is not necessarily presumptive of negligence, but it is a fact which you have a right to take into consideration under all the circumstances of the case, and see whether it leads you to think that there was some negligence either in the running of this train or in the condition of this roadbed, in order to cause that train to jump the track where it did." At the close of the charge, after a request by the counsel for plaintiff as to certain expenses, and a ruling and an exception, the following occurred : " Plaintiff's counsel : We also except to the charge that the accident does not necessarily furnish presumptive proof of negligence. The Court : I have charged them that it is for them to consider how far, under the evidence in this case, it is evi-

dence of negligence. Defendant's counsel : We ask your honor to
charge the proposition, the mere fact that the train left the track
raises no presumption whatever of negligence. The Court : I have
already charged that it was not presumptive, but proper evidence
for them to consider on the question of the defendant's negligence.
Plaintiff's counsel : We desire to except to the remarks of the Court
to that request of the defendant. Defendant's counsel : We request
the Court to charge that although the train left the track the bur-
den is on the plaintiff to show that the derailment of the train was
due to the negligence of the defendant, and to show that by a fair
preponderance of evidence. The Court : Yes, by a fair preponder-
ance of evidence. Defendant's counsel : If the accident was the
result of the action of frost or the elements, and human agency was
not responsible for it, the plaintiff cannot recover. The Court :
Unless the defendant could have provided against it by care, that is
true. Plaintiff's counsel : We except to the requests of the defend-
ant that the Court has charged against us."

From this statement it is quite apparent that the court intended
to charge, and did in substance charge, that the mere fact that the
train left the track raised no presumption of negligence. The gen-
eral proposition which the court had previously stated was, perhaps,
broad enough to include all the circumstances of the accident and
relate to the general burden of proof, but the request made by
defendant called the attention of the court to a particular fact and
the presumption to be derived from that alone. So that the ques-
tion is, not where the burden of proof is generally, but what signifi-
cance is to be given to a particular and material fact.

In *Edgerton* v. *N. Y. & Harlem R. R. Co.* (39 N. Y. 227) it is
said by Judge GROVER : " The evidence showed that the car in which
the defendant was riding in part ran off the track and was broken,
by means of which the plaintiff was injured. This was *prima facie*
evidence of negligence of the defendant. The latter not only had
the entire control of the vehicle, but also of the track upon which
it was run, and it owed a duty to the plaintiff to keep both in a per-
fect and safe condition for the transportation of passengers with
entire safety, so far as human prudence can accomplish these results.
Experience proves that when the track and machinery are in this

condition and prudently operated, the trains will keep upon the track, and run thereon with entire safety to those on board. Whenever a car or train leaves the track, it proves that either the track or machinery, or some other portion thereof, is not in a proper condition, or that the machinery is not properly operated, and presumptively proves that the defendant, whose duty it is to keep the track and machinery in the proper condition, and to operate it with the necessary prudence and care, has, in some respect, violated this duty." This language was approved in *Seybolt* v. *N. Y., L. E. & W. R. R. Co.* (95 N. Y. 562, 568), and the general rule was said to be that in an action by a passenger against a carrier for negligence, where the plaintiff has shown a situation which could not have been produced except by the operation of abnormal causes, the burden then rests upon the defendant to prove that the injury was caused without his fault. A like view was taken in *Caldwell* v. *N. J. Steamboat Co.* (47 N. Y. 282, 293), where it was said to be a rule of the common law that where an act takes place which usually, and according to the ordinary course of things, would not happen, if proper care was exercised, it is presumed that such care was not observed. (*Murphy* v. *Coney Island & B. R. R. Co.*, 36 Hun, 200.) In *Feital* v. *Middlesex R. R. Co.* (109 Mass. 398) which was an action against a street railway corporation for injuring a passenger, it was held that proof that the injury was caused by a car running off the track, at a place where the track and the car were under the exclusive control of the defendants, was sufficient to charge them with negligence, in the absence of any evidence that the accident happened without their fault. In *The Pittsburgh, Cin. & St. L. R. R. Co.* v. *Williams* (74 Ind. 464) it was held that when the fact has been established that a passenger in a railroad car has been injured, without his fault, by the car in which he was riding being thrown from the track and upset, the law will presume negligence on the part of the railroad company, unless the evidence shows there was none. The doctrine of the *Edgerton* case was approved, and numerous other cases cited as sustaining the same view. (See, also, 2 Wood's Railway Law, 1095, 1096 ; 2 Am. & Eng. Ency. of Law, 768 ; Hutchinson on Carriers, § 800.)

We are of the opinion that the court erred in charging that the fact that the train left the track raised no presumption of negli-

gence. This error furnished a sufficient reason for granting a new trial. We cannot fairly say that the charge in this respect did not influence the jury to plaintiff's disadvantage. The order, therefore, should be sustained.

HARDIN, P. J., and MARTIN, J., concurred.

Order affirmed, with costs.