## KESSLER *v.* LEEDS.

PLEADING.—*Negligence.*—*Injury to Person.*—The complaint in an action for damages for injury to the person is sufficiently certain and particular in its allegations of the act of negligence, when from the averments it may be understood that the plaintiff was passing on the foot-crossing of a public street in a city, and the defendant, without any negligence on the part of plaintiff, carelessly and negligently drove his wagon against the plaintiff, and thereby injured him.

RECORD.—*Evidence.*—*Newly-Discovered Evidence.*—On appeal, where the evidence is not in the record, ·the presumption is that it was sufficient to support the finding; and, in such case, it cannot be determined whether evidence alleged to be newly-discovered would produce a different result, so as to authorize a new trial.

From the Marion Superior Court.

*H. W. Harrington, H. Francisco* and *Ryman & Johnston,* for appellant.

*G. H. Voss,* for appellee.

DOWNEY, J.—This was an action by the appellee against the appellant, for injuries received by him in consequence of being run against and over by a wagon, which was being driven by the defendant, at a street-crossing in the city of Indianapolis.

In special term there was a demurrer to the complaint, which was overruled.   An issue was formed by a general traverse of the complaint.   A trial by jury resulted in a verdict for the plaintiff.   A motion made by the defendant for

a new trial was overruled, and there was final judgment on the verdict.

In the general term of the superior court, it was assigned as error that the court, in special term, had improperly over-ruled the demurrer to the complaint, and refused a new trial. The judgment of the special term was affirmed.

It is assigned as error here, that the general term erred in affirming the judgment of the special term.

The objection to the complaint urged in this court is, that it does not, with sufficient particularity and certainty, allege the act of negligence on the part of the defendant, of which complaint is made.

The complaint alleges that the defendant, on, etc., at, etc., was possessed of a certain delivery wagon, etc., drawn by a horse, which wagon the defendant was driving on and along certain public streets and avenues in said city of Indianapolis, to wit, at the crossing of Massachusetts avenue, New York and Delaware streets; and said plaintiff was then and there walking upon the foot-crossing of said streets, and the defendant did then and there drive said horse and wagon on and along said avenue, streets and crossing so carelessly and negligently, that by the carelessness and negligent driving of said horse and wagon, the said wagon and horse of the defendant then and there run against and struck, with great force, upon and against the person of the plaintiff, and thereby knocked him down upon the ground, sprained and crushed his hip and ankle, and bruised, hurt and wounded plaintiff, whereby, etc. It is then alleged that the injuries were inflicted "without any fault or negligence of the plaintiff contributing thereto in the least."

It may be understood from the complaint, that the plain-tiff was passing on the foot-crossing, and that the defendant, without any negligence on the part of the plaintiff, carelessly and negligently drove his wagon against, and thereby injured him.

We think the cause of action is stated with sufficient par-ticularity. *The O. & M. R. W. Co.* v. *Selby*, 47 Ind. 471.

The new trial was asked for the reasons following:

1. The verdict is contrary to law.

2. It is contrary to the evidence.

3. It is not supported by the evidence.

4. Permitting the plaintiff, who was neither a physician nor expert, to testify, over the objection of the defendant, as to the probable duration of the injuries received by him.

5. Because the damages are excessive.

6. Instructing the jury that if the plaintiff was on the sidewalk, or the line of the sidewalk, crossing New York street, he would not be bound to look back on Massachusetts avenue to see if teams or wagons were approaching from behind him. '

7. Newly-discovered evidence material for the defendant, which he could not, with reasonable diligence, have discovered and produced at the trial, and in support of which he files the accompanying affidavits, etc.

The evidence in the cause is not in the record, and for this reason we do not see that anything can be decided under this assignment of error. We cannot tell whether the evidence was sufficient or not, but must presume that it was sufficient.

We cannot decide anything under the fourth reason, because it does not appear that any such evidence was given during the trial, or, if given, that any objection to it was made, or, if made, on what ground it was made. The instruction of which complaint is made is not in the record. And we cannot know whether a new trial should have been granted or not, although the affidavits in support of the motion on that ground are in the record, because we do not know what the evidence given on the trial was, whether the newly-discovered evidence would probably produce a different result or not, or whether it is not merely cumulative evidence, etc., for which new trials are not granted.

The judgment is affirmed, with five per cent. damages and costs.