# DECISIONS

###### ——— OF THE ———

# SUPREME COURT OF FLORIDA.

## JUNE TERM, A. D. 1894.

ALICE M. WALSH, APPELLANT, VS. WESTERN RAIL-
WAY COMPANY OF FLORIDA, APPELLEE.

1. A declaration by an employe against a railroad company alleging
   generally without stating specific facts that the plaintiff was
   injured in consequence of the negligence of the defendant
   in operating and managing its road and cars, and in using de-
   fective implements and machinery, is too general, and will be
   held bad on demurrer; and the same rule will apply where
   a wife of an employe sues for his wrongful death by the com-
   pany.

2. In such actions where negligence is the basis of recovery it is not
   necessary for the plaintiff in her declaration to set out the facts
   constituting the negligence, but an allegation of sufficient
   acts, the doing of which caused the injury, and an averment
   that such acts were negligently and carelessly done, will be
   sufficient.

3. Although it is a complete answer to the claim for damages re-
   sulting from a failure on the part of a railroad company to
   furnish suitable instrumentalities, that the injured servant had
   full knowledge of the situation, and voluntarily engaged in
   the employment, or continued therein with such knowledge
   without objection; yet where a declaration alleges that the de-
   fendant did know of the defects mentioned, and that the plain-

tiff, an employe of the company, did not know of them, nor had he reason to anticipate or provide against them, and they were not such risks or hazards as were required or contemplated by his employment as such servant, it will be good on demurrer.

.'Appeal from the Circuit Court for Clay county.

### STATEMENT.

The defendant, the railway company, demurred to the declaration and the demurrer was sustained with leave to amend, and thereupon the plaintiff filed an amended declaration, a demurrer to which was also sustained, and plaintiff suffered final judgment to be entered and has appealed to this court, assigning as error the action on the latter demurrer.

The amended declaration is, in substance, as follows: Alice Mary Walsh sues the Western Railway of Florida, a corporation duly created and existing under the laws of Florida, for that the defendant on April 28th, 1888, was and still is such a corporation, and was owning, operating and using a certain railroad in Clay county, Florida, and operating and using on said railroad on said day its engine and cars, and plaintiff was the wife and is now the widow of John Walsh, deceased, and defendant before and at the time of committing the grievances hereinafter mentioned owned, used and operated said railroad for the carriage of goods and persons in said county and State, between Green Cove Springs and Belmore, and did employ divers servants to manage and operate said road, and on said day and before then employed said John Walsh, the husband of plaintiff, as a servant for hire and reward; and he did then and there faithfully perform his duties as such servant in the capacity of a superintendent, and on said last mentioned date said

John, following out the line of duty assigned to him by the defendant, and at the request of defendant, and in the exercise of his duties as such servant and superintendent, and for the purpose of more effectually performing the same, did go upon one of the engines belonging to the defendant and pass over said railroad until said engine came near a certain creek in said county over which defendant's road passes. That the track of the road, over which said John was then and there passing and being at work in his proper and lawful capacity as a servant and superintendent, and for hire and reward then and there paid to him, was then and there extremely dangerous and subjected him to great hazards, risks and dangers of life and bodily injury; by reason whereof the defendant, well knowing the premises, ought then and there carefully to have constructed, inspected and operated the said track and the machinery and appliances incident and necessary to its proper construction, operation and maintenance; yet the defendant did then and there disregard its duty in this behalf in that the said track was then and there with its appliances so negligently, carelessly, insecurely and improperly and defectively constructed, inspected, operated and maintained for the purposes and uses aforesaid; and the said John, while so employed then and there as a servant and superintendent, and while then and there exercising due care and precaution, did not know and could not see the said defects and dangers in and about said track, which defects and dangers were then and there known to defendant, and by law the defendant ought and was bound to know the said dangers and defects; and defendant did then and there so negligently, carelessly and improperly conduct itself in and about the premises, and in and about the management, construc-

4 SUPREME COURT.

Alice M. Walsh v. Western Ry. Co. of Florida.—Statement of Case.

tion and maintenance of said track that by reason thereof and of the imperfect, negligent and careless manner in which said defendant then and there set and allowed to be set to work the said John in his capacity of a servant and superintendent as aforesaid, without any caution or warning or instruction of or about said dangers from said defendant, the said John, then and there and without any fault or negligence on his part and in the course of the lawful and proper use thereof, was then and there exposed to great and unnecessary dangers and risks, and dangers and risks not required or contemplated by his employment; whereby and in consequence of which said track then and there broke, gave way, fell apart, spread open and "sloughed," and the engine jumped and fell from said track, and the said John was thrown therefrom with great violence and force and down an embankment to the ground and the engine fell upon him, and greatly hurt, bruised and injured him, and thereby caused his death, and he then and there died from the effects of said bruises and injuries on April 28th, 1888, in Clay county, Florida.

And further, there were attached to the said engine, upon which said John was then and there at work and in his proper and lawful capacity as a servant and superintendent, certain cars that were extremely dangerous and subjected him to great hazards and risks and dangers of life and bodily injury by reason whereof the defendant, well knowing the premises, ought then and there carefully to have constructed and inspected and operated the said cars and the machinery and appliances incident and necessary thereto, yet the defendant did then and there disregard its duty in this behalf in that said cars were then and there, with their machinery and appliances, so negligently,

carelessly, insecurely, improperly and defectively constructed and operated and managed for the purposes and uses aforesaid, and the said defects in and about the construction, inspection and use of said cars and their appliances and machinery were then and there so hidden that the said John Walsh while so employed then and there as a servant and superintendent, and while exercising due care and precaution did not know and could not see the defects and dangers in and about said cars and their machinery and appliances, but said dangers and defects were known then and there to defendant, and by law ought and was bound to know the same; and defendant did then and there so negligently, carelessly and improperly conduct itself in and about the premises, and in and about the management, construction, and inspection of said cars and their appliances that by reason of the premises and of the improper construction, application and adaptation of such appliances and machinery of said cars as aforesaid, and of the imprudent, negligent and careless manner in which said cars and machinery and appliances were then used and inspected, and of the imprudent, negligent and careless manner in which defendant then and there set and allowed to be set to work the said John in his capacity of a servant and superintendent as aforesaid without any caution, instruction or warning of such danger as aforesaid from defendant, the said John then and there and without any fault or negligence on his part, and in the course of the lawful and proper use thereof was then and there exposed and subjected to great and unnecessary dangers and risks, and risks and dangers not required or contemplated by his employment; whereby and in consequence of which the said cars then and there broke, gave way and fell apart and from the track of

defendant's road, and the said John was then and there with great force and violence thrown from the engine aforesaid to the ground and greatly bruised, hurt, wounded and injured, and by reason of said bruises, wounds and injuries received then and there he died on April 28th, 1888, in Clay county, Florida.

And further, that defendant well knew the said track of defendant's road and its said appliances, and said cars and their appliances and machinery to be dangerous and perilous to the life of said John Walsh, and he was thereby subjected to dangers and perils not contemplated by said employment as such servant and superintendent as aforesaid and that said John did not know the said dangers or perils, nor had he reason to anticipate or provide against the same when he entered said employment as aforesaid or subsequently till the day of his death as aforesaid, and the death of said John and the damage hereinafter mentioned were caused by the fault and negligence of the defendant without fault on the part of said John.

And further, that said John during his lifetime and the period of her intermarriage to him was a kind, affectionate and indulgent husband to her, and supported and maintained her in a proper, decent and substantial manner, so that she had the reasonable and necessary comforts and luxuries of life, and continued to have them to the time of his death caused as aforesaid; and that before said April 28th, 1888, plaintiff was lawfully married to .said John, and was his lawful wife and is now his lawful widow.

And further, that by reason of the death of said John, caused as aforesaid she was and is now deprived

of and has lost the said comforts, necessities and conveniences, luxuries and support and society of her said husband, and also his aid and assistance in the managment of her domestic affairs and children and the profit and advantage of his fortune which she otherwise would have had and enjoyed, and she was thereby made to suffer great mental anguish and pain, and was forced to expend and did expend divers sums of money for the decent and proper burial of her said husband and for the support of herself and her children, the said children being minor children and heirs of said John.

Whereby she has suffered great damage, to-wit: in the sum of $25,000, which damage she has demanded and been refused, and hence she brings her suit.

The grounds of demurrer to this declaration as not setting forth a cause of action are as follows:

1st. The defects in the machinery, which the plaintiff's deceased husband, it is alleged, did not know of, and of which, it is alleged, the defendant did know, are not stated with sufficient certainty.

2nd. It appears therefrom that the decedent was the superintendent of the company, and was in the discharge of his duty as such superintendent riding upon the engine, by the falling over of which he is alleged to have been slain.

3rd. It does not appear from said declaration that the service in which the deceased was employed by the defendant corporation did not require him to look after the track and machinery of said defendant, the alleged defect in which caused the accident by which he was killed.

4th. It does not appear from the said declaration that the service in which the deceased was employed

required him to look after and superintend the track and machinery, the alleged defect in which resulted in the accident whereby he lost his life.

The other facts in the case are stated in the opinion of the court.

*R. W. Williams* (on brief of *P. C. Fisher*) for Appellant.

*A. W. Cockrell & Son* for Appellee.

MABRY, J.:

The sufficiency of the amended declaration to which a demurrer was sustained is the only question involved here. The first ground of the demurrer questions the sufficiency of the allegation of negligence on the part of the defendant railway company. Negligence is the gist of the action, and must of course be sufficiently alleged. Plaintiff alleges a defective railroad track and defective cars used by defendant as grounds of negligence, and the first ground of the demurrer is that the defects in the machinery are not stated with sufficient certainty.

A declaration by an employe against the company alleging generally without stating specific facts that the plaintiff was injured in consequence of the negligence of the defendant in operating and managing its road and cars, or in using defective implements and machinery, will not be sufficient. Such a declaration would be too general and violate the rule prohibiting the allegations of mere conclusions of law. It is said in Grinde vs. M. & St. P. R. Co., 42 Iowa, 376, that "it is not allowable to plead mere abstract conclusions of law, having no element of fact; they form no part of the allegations constituting a cause of action; but if

they contain the elements also of a fact construing the language in its ordinary meaning, then force and effect must be given to them as allegations of fact, as when necessaries are furnished to an infant, or when a deed or mortgage is alleged as having been made, or the ownership of property is asserted, the general allegation is sufficient, being the ultimate fact to be established by evidence." In alleging negligence the rule does not require that the facts constituting the negligence shall be set out in the declaration, but it is sufficient if the acts constituting the injury are specified and it is alleged that they were negligently and carelessly done. Of course the acts, the doing of which caused the injury, being the ultimate facts to be established by evidence, must when proven constitute a cause of action against the defendant. In the case of the Ohio & M. R. Co. vs. Selby, 47 Ind., 471, the complainant averred that the defendant railroad company did not use due care, diligence and skill in carrying the plaintiff, but, on the contrary, the track of the railroad was in bad condition and repair, and the defendant by its servants negligently, unskillfully and carelessly ran its train of cars whereby the plaintiff was damaged in the manner specified. On demurrer this complaint was held not to be too general as to the condition of the track. The rule established by the authorities is that in actions founded upon negligence it is not necessary for the plaintiff in his declaration to set out the facts constituting the negligence, but an allegation of sufficient acts, the doing of which caused the injury, and an averment that such acts were negligently and carelessly done will suffice. Walhier vs. Hannibal & St. J. R. Co., 71 Mo., 514; Schneider vs. Missouri Pacific Ry. Co., 75 Mo., 295; Mack vs. St. Louis, K. C. & N. Ry. Co., 77 Mo., 232; Indianapolis,

P. & C. R. Co. vs. Keeley's Admr., 23 Ind., 133; St. Louis & S. E. Ry. Co. vs. Mathias, 50 Ind., 65; Kessler vs. Leeds, 51 Ind., 212; Pittsburgh, C. & St. L. R. Co. vs. Nelson, *Ibid*, 150; Johnson vs. St. Paul & Deluth R. Co., 31 Minn., 283; 2 Thompson on Negligence, p. 1246, sec. 26.   If we concede that the rule should be applied with more strictness when an employe is suing a company in whose service he is engaged, still our judgment is that the declaration in the case before us is sufficient in the particulars mentioned.   The allegations are that the defendant disregarded its duty in reference to constructing and maintaining its railroad track, and that a designated portion of it was so negligently, carelessly, improperly and defectively constructed, inspected and maintained that the said track broke and gave way whereby the injury was done that resulted in the death of plaintiff's husband, and that the cars attached to the engine on which the said husband was riding were so carelessly, negligently, insecurely and defectively constructed and inspected that they broke, gave way and fell apart and thereby caused him to be thrown from the engine and suffered injuries, from the effects of which he died.   The facts alleged in reference to the defective track and cars, if true, show a failure on the part of the company to perform positive duties resting upon it to provide suitable instrumentalities and safe machinery with which to work.   South Florida R. R. Co. vs. Weese, 32 Fla., 212, 13 South. Rep., 436.

If such pleading was liable to embarass or delay a fair trial of the action the defendant could have applied to the court, under sec. 55, page 826 McClellan's Digest, to have it amended so as to more definitely state in what particulars the defects existed.   As it stands, the declaration in the particulars mentioned

JUNE TERM, 1894. 11

Alice M. Walsh v. Western Ry. Co. of Florida.—Opinion of Court.

shows, in our judgment, a cause of action. This conclusion does not in any way conflict with the rule that where one cause of action is alleged in the declaration the plaintiff will be confined to that in his proof and recovery. Parrish vs. Pensacola & Atlantic R. Co., 28 Fla., 251, 9 South. Rep., 696; Jacksonville, T. & K. W. Ry. Co. vs. Neff, 28 Fla., 373, 9 South. Rep., 653; Jacksonville, T. & K. W. Ry. Co. vs. Galvin, 29 Fla., 636, 11 South. Rep., 231; South Florida R. R. Co. vs. Weese, 32 Fla., 212, 13 South. Rep., 436.

The other grounds of the demurrer are based upon the view that plaintiff's husband was employed as superintendent, and as such was engaged in the performance of duties requiring him to exercise watchfulness and care over defendant's road and cars and see that they were in proper repair and fit for use. It is contended that an employe can not recover for an injury suffered in the course of his employment, for defects in the machinery used, unless the employer knew, or ought to have known, of the defects, and the servant did not know, or did not have equal means of knowledge of the defects. There is no doubt that it is a complete answer, independent of the act of 1887, Chapter 3744, to the claim for damages resulting from a failure on the part of the company to furnish suitable instrumentalities that the injured servant had full knowledge of the situation and voluntarily engaged in the employment, or continued therein with such knowledge without objection or protest, and without any assurance on the part of the employer to provide better. South Florida R. R. Co. vs. Weese, *supra*. The declaration before us, however, alleges positively that the defendant company did know of the defects mentioned, and that plaintiff's husband did not know

of them, nor had he reason to anticipate or provide against them- before entering into the service, or subsequently till the day of the injury.    It is true it is alleged that said husband was employed as a servant for hire and performed duties as such in the capacity of superintendent without specifying what his duties were, but it is also alleged that the risks and hazards resulting from the defective track and cars to which he was subjected in the performance of his duties while riding on the engine were not such as were required or contemplated by his employment as such servant and superintendent, and that he was without fault in the premises.    If this be true there is no ground for the conclusion that plaintiff's husband was guilty of contributory negligence, or that he waived in any way the performance of the duty on the part of the defendant to provide a good railroad track and safe cars in the operation of its said road.    The legal presumption may be, in the absence of any allegations to the contrary, that the powers and duties of a superintedent are extensive, but the powers and duties conferred upon such an agent by different companies, as well as the usage of companies as to such matters, may differ essentially.    1 Wood on Railroads, pp. 498, 499.    In the face of what is alleged in plaintiff's declaration we can not assume on demurrer that her husband knew of the defects, or that it was his duty to know of them. The cause of action in the present case arose subsequent to the enactment of Chapter 3744, but no contention is made that this act affects the sufficiency of the delaration in any way, nor do we see that its allegations make it necessary to enter into any consideration of said act.

The declaration, in our judgment, states a *prima facie* cause of action against the company, and the de-

murrer should have been overruled. The judgment of the court sustaining the demurrer and entering judgment for the defendant is reversed, and the cause will be remanded for further proceedings.