JACKSONVILLE, TAMPA & KEY WEST RAILWAY COMPANY, APPELLANT, vs. HENRY JONES, APPELLEE.

1. A declaration alleging that it was the duty of a railroad company to use good care in running and managing its locomotives and trains, and disregarding its duty in that respect so negligently and carelessly ran and operated a locomotive and train of cars on a day mentioned and in a designated town on the road as to strike and kill a mule of plaintiff, states a cause of action and will be good on demurrer.

2. It is not required in such case to set out in the declaration the facts constituting the negligence, but an allegation of sufficient facts causing the injury and that they were negligently and carelessly done will be sufficient.

3. While the measure of recovery for personal property destroyed is its value at the time of destruction and which is ordinarily fixed by ascertaining what was then its market value, yet it will be error to refuse to permit the defendant to show the cost of the property to the plaintiff when it is made to appear that the latter purchased the property a short time before it was destroyed and that the purchase price tended to fix the market value of such property.

Appeal from the Circuit Court for Putnam county.

The facts in the case are stated in the opinion of the court.

*J. R. Parrott* and *T. M. Day, Jr.*, for Appellant.

*Calhoun. Gillis & De Witt* for Appellee.

MABRY, J. :

The appellee was plaintiff in the Circuit Court and obtained judgment against appellant, at whose instance an appeal has been taken. The declaration was demurred to on four grounds, two of which were sustained and the others overruled. The plaintiff amended by striking out the objectionable matter to which the grounds of the demurrer were sustained, and after pleas filed to the amended declaration a trial was had and judgment rendered in favor of plaintiff below.

It is assigned for error here and contended that the court erred in that part of its decision overruling the two grounds of demurrer. The declaration, omitting that part stricken out on demurrer, alleges substantially that the defendant company, a railroad corporation existing under the laws of the State of Florida, on the 16th day of April 1889, was possessed of and had control of a railroad running from the city of Palatka, through Putnam county, Florida, and had a right to run locomotives and cars upon said railroad, and did on the date mentioned operate its said line of road and run locomotives and cars on the same, and in so doing it was the duty of defendant to use good and sufficient care; nevertheless the defendant disregarding its duty to so use good and sufficient care and management of its locomotives and trains of cars, did so negligently and carelessly operate and use its said road for the passage of its locomotives and trains in the town of Palatka Heights in said county that a certain gray mule, the property of plaintiff, of the value of $150, was then and there killed by the locomotive and train of cars of defendant by reason of its negligence and carelessness aforesaid; that by reason of the negligence and carelessness of defendant in operating its

said locomotive and train of cars on the day and year and at the place mentioned, the same with great force and violence ran upon and struck the said mule of plaintiff, by means whereof it was killed. A demand for payment of the $150, the alleged value of the mule, and a refusal to pay the same are alleged.

The contention here is, that the declaration does not set forth specific acts of negligence with sufficient particularity to put the defendant on its defense. Where negligence must be alleged as a basis of recovery, it is not required of the plaintiff that he should set out in the declaration the facts constituting the negligence, but an allegation of sufficient facts, the doing of which caused the injury, and an averment that such acts were negligently and carelessly done will be sufficient. Walsh vs. Western Railway Co. of Florida, 34 Fla., 1, 15 South. Rep., 686; Grinde vs. M. & St. P. R. Co., 42 Iowa, 376; 2 Thompson on Negligence, page 1246. The declaration before us alleges, in substance, that it was the duty of defendant to use good care in the running and management of its locomotives and trains, and disregarding its duty in that respect so negligently and carelessly run and operated a locomotive and train of cars on a day mentioned, in the town of Palatka Heights, in Putnam county, as to strike the mule of plaintiff and killed it. This, in our judgment, is a sufficient allegation of negligence against the company.

On the trial the plaintiff testified that his mule was worth $150; he knew about the market value of mules, and from his knowledge of such values thought that the mule was worth $150. On cross-examination he was asked what he paid for the mule, and this question was ruled out on plaintiff's objection that it was irrelevant. Plaintiff testified on cross-examination that

the mule was twelve or thirteen years old, but lively for its age, and that witness bought the mule four months before it was killed. He was again asked by the defense what he paid for the mule, and the court again excluded the question. The witness also stated that the mule was sound, and that he could not have bought another one as good for $150. Being re-called by the plaintiff, the witness testified that in his opinion the mule was worth $150. This was all the testimony offered on the question of value of the mule. The rulings of the court excluding the right of defendant to inquire into what the plaintiff paid for the mule were excepted to and are assigned as error here. We think the court committed an error in not allowing the defendant to ask the question excluded. In the case of Jacksonville, T. & K. W. Ry. Co. vs. Prior, 34 Fla., 271, 15 South. Rep., 760, we held that where the plaintiff and a disinterested witness testified that they were perfectly familiar with the market value of cattle killed by a railroad company, and the market value of the cattle as given by the witnesses was not controverted by any testimony, it was not error to exclude a general question propounded to the plaintiff on cross-examination, what did he pay for the cattle without reference to time or place, or that plaintiff had bought them. The measure of recovery is the value of the property at the time of its destruction, and this value ordinarily is fixed by ascertaining what was then its market value. We said: "There may be cases where an investigation into the cost of personal property destroyed may be proper, but where such property is not shown to have been removed from a locality, and has a demand and market value at the time and place of its destruction, its cost to the owner, without connecting such

cost in some way with the market value will not be proper. In order to make an investigation into the cost of property destroyed proper, it ought to appear that the cost was necessary in some way to fix the market value of the property when destroyed." In the Prior case the market value of the cattle was fully established by disinterested uncontradicted evidence, and no error was apparent in excluding a general question without reference to time or place as to what plaintiff paid for the cattle. The case before us is different. The plaintiff was the only witness that testified as to the value of the mule, and while he says he knew about the market value of mules, and from his knowledge thought his mule was worth $150, still it appears that he bought the mule only four months before it was killed. Being recalled, the witness stated the value at $150 as his opinion, and considering his former statement, that he knew about the market value of mules, and thought his to be worth $150, the character of the evidence as to market value is not very direct or positive. We think the cost of the mule to the plaintiff at a time so near its killing was entirely proper under the circumstances as tending to fix its market value when destroyed, and that the defendant should have been permitted to ask the question excluded. He had a right to show, if such was the case, that the plaintiff did not pay as much for the mule just before it was killed as he was demanding of the company in the suit, upon the presumption that the price paid for the mule at that time by the plaintiff was not above its market value. As we said in the Prior case, the court should be liberal in permitting an investigation into the value of property.

The other questions presented on the record do not, in our judgment, call for any consideration.

For the error mentioned the judgment will be reversed and a new trial awarded.   Order to be entered accordingly.